Schwartz et al. v. Town of Gallup et al., 22 N. M. 521.

[No. 2002.    May 11, 1917.]
SCHWARTZ et al. v. TOWN OF GALLUP et al.

## SYLLABUS BY THE COURT.

1.   Notice of a special meeting of a city council or board of trustees of a town may be dispensed with, or its necessity waived, by the presence and consent of every one of those entitled to notice.

P. 524

2.   A statute requiring town ordinances to be recorded in an ordinance book is complied with by copying an ordinance on the typewriter and pasting the sheet of paper upon which it is copied in the ordinance book of such town in such manner as to become a permanent record.

P. 524

3.   Where the Legislature invests a municipality with power to license, regulate or prohibit the sale of intoxicating liquor, such municipality may impose a license fee in any amount, and the fee thus fixed is not open to review by the courts as to its reasonableness or unreasonableness or confiscatory nature.

P. 525

4.   A part of a law may be unconstitutional and the remainder of it valid, where the objectionable part may be properly separated from the other without impairing the force and effect of the portion which remains, and where the legislative purpose, as expressed in such valid portion, can be accomplished and given effect, independently of the void provision, and where if the entire act is taken into consideration it cannot be said that the enacting power would not have passed the portion retained had it known that the void provisions would fail.                    P. 529

5.   The use of chairs and tables in a saloon or barroom may be prohibited by a municipality in this state, and likewise such municipality may, by ordinance, prohibit the use of blinds, curtains, or screens, and require a clear view from the street of the bar and room in which liquor is sold.

P. 529

Appeal from District Court, McKinley County; Reynolds, Judge.

Action for injunction by John Schwartz and others against the Town of Gallup and others. Judgment for defendants dismissing the complaint, and plaintiffs appeal. Affirmed.

E. A. Martin, of Gallup, and E. W. Dobson, of Albuquerque, for appellants. Ove E. Overson and A. T. Hannett, both of Gallup, for appellees.

## OPINION OF THE COURT.

ROBERTS, J. Appellants, on the 10th day of June, 1916, were engaged in the retail liquor business in the town of Gallup, McKinley county, this state. On that date the board of town trustees of said town, at a special meeting enacted Ordinances Nos. 85 and 88. The second section of Ordinance 85, with which only we are concerned in this case, provided that on and after the 1st day of July, 1916, retail liquor dealers should pay the town of Gallup a license fee of $1,500 per annum, payable semi-annually in advance. The last clause of this section further provided that all drug stores should be considered retail dealers under this section, when selling or offering for sale liquors as above provided, except under a doctor's prescription. Prior to the passage of this ordinance the license fee exacted from retail liquor dealers was $300 per annum.

Ordinance No. 88 required saloons to close at 12 o'clock midnight and to remain closed until 6 o'clock in the morning of any day, and to also close at 12 o'clock midnight of Saturday of one week and remain closed until 6 o'clock a. M. on the following Monday. The ordinance further prohibited any billiard or pool tables, chairs, tables, benches, or other furniture in any room where intoxicating liquor was sold. Winerooms were also prohibited, and likewise the use of curtains, screens, or other obstruction in the doors and windows in the lower story so that a clear and unobstructed view of the entire premises might be had from

the outside.    The ordinance further forbade the letting of
any person into a saloon between the hour of 12 o'clock
midnight Saturday night and the hour of 6 o'clock Monday
morning following.    Penalties were prescribed for viola-
tion of the ordinance.

On the 29th day of June, 1916, appellants filed in the
district court of McKinley county their complaint, in
which they sought an injunction against the town of Gal-
lup, its officers, agents, and servants, from attempting to
enforce the provisions of the two ordinances in question.
In the complaint it was alleged that the appellants had
been engaged in the retail liquor business in said town for
some time, and had invested large sums of money in the
purchase of furniture and fixtures, and had entered into
contracts and leases for buildings in furtherance of their
several businesses, that each and all were the holders of
license of the United States government and of the state
of New Mexico, authorizing them to engage in the liquor
business, and that Ordinance No. 85, which fixed the li-
cense fee at $1,500, was unjust, unreasonable, oppressive,
confiscatory, and prohibitive, and that such ordinance was
an attempt to levy a tax upon said business in order to
raise a revenue therefrom for the general purposes of said
town.    It was further alleged that Ordinance No. 88 was
discriminatory and a denial of equal protection of the law
to retail liquor dealers in said town, and that under the pro-
visions of said Ordinance No. 88 all retail liquor dealers,
doing business in said town were prohibited from having in
their places of business any chairs, tables, pool tables, or
other furniture, save and except the necessary bar and back
bar, and were prohibited from having any screens, doors,
curtains, or other obstructions in the front of their several
places of business or in the windows or doors thereof:
whereas, under the provisions of Ordinance No. 85, all
drug stores within said town were, upon the payment of
the license fee exacted from liquor dealers, permitted to
conduct a retail liquor house without any restrictions as to
tables, chairs, curtains, etc., so that an unjust and unfair
discrimination existed under said ordinance between open
saloons and secret tippling places under the guise of drug

stores. The complaint set forth further grounds wherein it was claimed that said ordinances discriminated against saloon keepers and in favor of drug stores engaged in the sale of liquor.

It was further alleged that neither of said ordinances was passed at any regular meeting of the board of town trustees, but both were pretended to have been passed at a special meeting held June 10, 1916, and that said ordinances were not properly passed, and that said meeting was not lawfully held, no notice having been given as required by the ordinance of said town.

Appellees interposed a demurrer to the complaint which was overruled by the court, whereupon they answered admitting the passage of the ordinances in question, and alleged that they were duly and legally enacted and denied the other material allegations of the complaint. Thereafter the record evidence, showing the enactment of the ordinances in question, was submitted to the court, and later the cause was set for hearing upon the merits. When the case was called for hearing appellees filed a motion for judgment on the ground that plaintiff's complaint set up no facts which entitled them to relief in equity. This motion was sustained by the court, and judgment was entered dismissing the complaint. From this judgment this appeal is prosecuted.

[**1, 2**] The first point urged by appellants is that Ordinances 85 and 88 were not lawfully adopted and passed by the board of trustees of the town of Gallup for two reasons: First, that Ordinance No. 4 of said town required that, whenever a special meeting of the board of trustees was deemed necessary, such meeting might be called by the chairman of the board and two members of the board, and that a written notice of the time and place of such meeting should be given to each and every member of the board, which notice was required to be served at least two hours previous to the time at which such special meeting was called to meet, which provisions were not compiled with in calling and holding the special session at which said ordinances were enacted. The second point urged is that the ordinances in question were not recorded in the

book which was kept for such purpose, but that said ordinances were merely pasted in at one end, and not recorded as required by the ordinance of said town.

There is no merit in either contention stated. Every member of the board of trustees and the president were present, consented to, and participated in the meeting. Notice of a special meeting of a city council or board of trustees of a town may be dispensed with, or its necessity waived, by the presence and consent of every one of those entitled to notice. Dillon on Municipal Corporations (5th Ed.) § 534. Many authorities are cited by the author in support of this proposition, and further discussion is unnecessary.

As to the second contention, it appears, and is not disputed by appellants, that the ordinances in question were typewritten on sheets of paper and pasted in a book kept for the purpose of recording the ordinances of said town. It is thus evident that the statute requiring town ordinances to be recorded has been complied with.

[3] The lower court held that, since the statutes of the state confer power upon the boards of trustees of towns "to license, regulate, or prohibit" the liquor traffic within the municipal boundaries, therefore the manner or extent to which the town authorities carried out this power was not subject to review by the courts as to the reasonableness or unreasonableness of the enactment, or as to whether or not there had been any abuse of discretion or an arbitrary and oppressive use of the town's authority. Appellants contend that they were entitled to offer proof as to the unreasonable and confiscatory character of the ordinance, and if they succeeded in establishing such facts were entitled to judgment.

The statute under which these ordinances were enacted is found in chapter 28 of the Session Laws of 1915. This statute was originally subdivision 18 of section 3564, Code 1915, but was repealed and re-enacted, in so far as material to the issues in question, in 1915, as above stated. This statute gives to municipalities the power—

"to have the right to license, regulate, or prohibit the sale or giving away of any intoxicating malt, vinous, mixed or fermented liquor, within the limits of the city or town, the license not to extend beyond the municipal year in which it shall be granted, and to determine the amount to be paid for such license."

Appellants cite many authorities holding that under a power conferred upon a municipality by the Legislature to "license or regulate" the sale of intoxicating liquors the court will determine the question as to whether an ordinance enacted under such power is reasonable or unreasonable, and that in such cases the courts will hear proof as to the cost of issuing the licenses, the expense of police protection, and other increased expenses of the municipality or community caused by the traffic in intoxicating liquors and that under such a power granted it is not competent for a municipality to fix the license fee at such an amount as will result in prohibition of the traffic. Among the many authorities cited are the following: Ex parte J. D. Sikes, 102 Ala. 173, 15 South, 522, 24 L. R. A. 774; McQuillin on Municipal Corporations, vol. 3 § 1002; Elk Point v. Vaughn, 1 Dak. 113, 46 N. W. 577; Perdue v. Ellis, 18 Ga. 586; Wiley v. Owens, 39 Ind. 429; Sweet v. City of Wabash, 41 Ind. 7; Town of Marion v. Chandler, 6 Ala. 899; Ex parte Burnett, 30 Ala. 461.

But it is to be observed that the power given to municipalities in this state is much broader and more comprehensive than the power granted to the municipalities which enacted the ordinances construed in the foregoing cases. Here the Legislature has seen fit and proper to delegate to municipal corporations the power to "license, regulate, or prohibit" altogether the traffic in intoxicating liquors in such municipalities. Concededly, had the Legislature of the state enacted a law which required retail liquor dealers in towns having a population that the town in question has to pay a license fee in the sum fixed by the ordinance in question, or in any other sum which it saw proper to exact, no question could be raised as to the confiscatory nature of such law or as to its reasonableness or unreasonableness. It has always been conceded by the courts and lawwriters, at least for many years, that the lawmak-

ing power of the various states has plenary and unlimited control over the liquor business, and that this business, characterized by the courts and law writers as "hurtful to public morals, productive of disorder and injurious to the public," may be arbitrarily dealt with by the lawmaking power of the states or prohibited altogether. This being true, if the town board of Gallup had the power delegated to it by the state to enact the ordinances in question and was given unlimited and arbitrary control over the liquor business, then no question of the reasonableness or unreasonableness of an ordinance enacted under such power would be open to inquiry in the courts.

As the town board had the power, under the statute in question, to prohibit altogether the traffic in intoxicating liquors in such town, appellants cannot complain of the exercise by the town board of a right within the power delegated; in other words, the town having the power to license or prohibit, appellants cannot complain of the enactment of an ordinance fixing a license fee at any amount which the board may choose to exact, even though such fee may, as alleged, amount to total or partial prohibition.

The only statute similar to the one in question which we have been able to find which has been construed by the courts was chapter 24, Rev. St. Ill. 1884, providing for the incorporation of cities and towns. Subsection 46 in section 1 of article 5 of that chapter, in so far as material, read as follows:

"To license, regulate and prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor, the license not to extend beyond the municipal year in which it shall be granted, and to determine the amount to be paid for such license."

In the case of Dennehy v. City of Chicago, 120 Ill. 627, 12 N. E. 227, the same questions were raised as are here involved. The court said:

"The amount charged for the license is not a tax, but a burden imposed as the price of a privilege which those controlling the municipality were at liberty to restrict as they pleased, or to deny altogether. People v. Thurber, 13 Ill. 554;

East St. Louis v. Wehrung, 46 Ill. 392; East St. Louis v. Trustees, 102 Ill. 489 (40 Am. Rep. 606). There can, therefore be no question of adequacy or excessiveness of the amount charged. See, also, Tenney v. Lenz, 16 Wis. 566, and State v. Cassidy, 22 Minn. 312 (21 Am. Rep. 765). As was said in Schwuchow v. City of Chicago, 68 Ill. 449: "This business is, in principle, within the police power of the state, and restrictions which may rightfully be imposed upon it might be obnoxious as an illegal restraint of trade when applied to other pursuits.'"

In 23 Cyc. 149, it is said:

"The Legislature of a state, having unlimited control over the liquor traffic, may, if it chooses to license the business, fix the amount of the license fee at any sum in its absolute discretion, and no one can complain that the amount so fixed is excessive or prohibitive; and the same rule applies in the case of a municipal corporation which by its character or a general statute possesses, full control over the traffic. But if a municipality is given authority only to license the business, not to prohibit or suppress it altogether, its discretion as to the amount of the fee to be charged is limited, and an ordinance fixing such a fee as would be unreasonably great or practically prohibitory would be invalid."

Section 276 of Woollen & Thornton on Intoxicating Liquors reads as follows:

"Power to prohibit includes power to license. It has been said that under the police power license fees may be imposed: (1) For regulation; (2) for revenue; (3) to give monopolies; (4) for prohibition. The fourth purpose is entirely admissible in the case of pursuits or indulgences which in their general effect are believed to be more harmful than beneficial to society, and that it is often found that prohibition of an occupation which excites or gratifies the vices or passions of large numbers of people is met by a resistance so steady and powerful as to render the law wholly ineffectual, when a heavy tax might lessen the evils and possibly in the end make the occupation unprofitable."

"Where a municipal corporation has power to prohibit the doing of a thing, and also a power to license the same thing to be done, the license fee demanded by the ordinance for the doing of such thing is not a tax, but is a price paid for the privilege of doing such thing.'" McQuillin on Municipal Corporations, vol 3, § 992.

Nothing would be gained by a further discussion of this point. The ordinance in question was within the power

granted by the Legislature; hence it is not within the province of the courts to pass upon the questions raised by appellants.

[4] Relative to appellants' contention that the city council had not power to authorize the selling of intoxicating liquors by drug stores for purposes other than medicinal, mechanical, and scientific, it is sufficient to say that, even though this portion of .the ordinance were null and void, it would not affect the remainder of the ordinance. A part of the law may be unconstitutional and the remainder of it valid, where the objectionable part may be properly separated from the other without impairing the force and effect of the portion which remains, and where the legislative purpose as expressed in such valid portion can be accomplished and given effect, independently of the void provisions, and where if the entire act is taken into consideration it cannot be said that the enacting power would not have passed the portion retained had it known that the void provisions must fall. State v. Brooken, 19 N. M. 404, 143 Pac. 479, L. R. A 1915B, 213, Ann. Cas. 1916D, 136. Further appellants concede that the provisions of this ordinance relative to the licensing of drug stores has been repealed by the board of trustees.

[5] Nor is there merit in the objection urged to the provisions of Ordinance 88, which required the removal of blinds, screens, etc., so that an unobstructed view might be had of the interior of the room wherein liquor is sold, and the provisions of the ordinance relative to hours of closing and prohibiting the maintaining of chairs, tables, pool tables, etc., inside of such room. In section 215, Woollen & Thornton on Intoxicating Liquors, it is said:

"The use of chairs and, tables in a barroom or saloon may be forbidden, and a municipality may adopt an ordinance to this effect."

While there is some divergence of opinion as to the validity of an ordinance requiring the removal from saloons of screens, etc., we are of the opinion that the better reasoned cases support the view that the municipality has the

power to prohibit screens and curtains during business hours, and that such an ordinance is the valid and reasonable exercise of the power to regulate. Dillon on Municipal Corporations § 674.

From the foregoing it follows that the trial court properly sustained the appellees' motion for judgment, and the case will therefore be affirmed, and it is so ordered.

HANNA, C. J., and PARKER, J., concur.