[No. 3458. Nov. 27, 1929.]

[Rehearing Denied Feb. 14, 1930.]

STATE ex rel. MALONE v. CRILE, Commissioner of Public Lands.

[284 Pac. 762.]

J. D. Atwood, of Roswell, for appellant.

M. A. Otero, Jr., Atty. Gen., and Charles B. Barker, of Santa Fe, for appellee.

## OPINION OF THE COURT

SIMMS, J.   After having heard a reargument of this cause and having considered the supplemental briefs filed by the parties and those filed by the amici curiæ, we have come to the conclusion that the original opinion filed in this case should be withdrawn and the matter should be disposed of anew.

Relator appeals from a judgment dismissing his suit in mandamus against the commissioner of public lands of this state, who refused to execute to relator an oil and gas lease upon two grounds, namely:   (1)  Because relator failed to apply for his new lease before the expiration of his original term, and (2) because relator refused to submit to section 7, c. 125, of the Laws of 1929, which requires a new lease to be made at auction, since the land affected is in the restricted district.

Relator's oil and gas lease was dated May 3, 1924, and, according to its terms, it would expire on the 3d of May, 1929.   Section 10 of his lease is as follows:

"If at the expiration of five years from the date hereof, oil or gas in paying quantities is not being produced from any of the lands upon which this lease is then in force, it is agreed that this lease shall expire, but such lessee may apply for and have preference over other parties in leasing the land according to the rules of the State Land Office."

We think there can be no doubt but that the words "according to the rules of the State Land Office," as used in relator's lease, refer to such rules and regulations as may be in effect on May 3, 1929, when the original term of his lease expired.   In his argument relator admits such to be the meaning of these words.

██ Relator's application to make a new lease upon the land covered by his original lease was not filed until 26 days after the expiration of the five-year term of his original lease. In our original opinion we held that section·3 of chapter 125 of the Laws of 1929, which provides that application must be made prior to the expiration of the original term, applied to relator's lease. On rehearing we have become convinced of the correctness of relator's contention that the preference right provision of section 3, supra, is merely a provision to be incorporated in or to govern leases made under the act of 1929. Hence, relator's application, not being made under that section, was not required by it to be made prior to the expiration of his lease. No other "rule of the State Land Office" is relied on so to limit the time of application, and in fact a custom is shown of entertaining applications made within 30 days after expiration, and a notice to relator that he might apply within such time. Whether we consider such custom and notice as evidencing a rule of the office or as evidencing what is a reasonable time within which to make application, in the absence of rule, it results that respondent's first ground for denying the lease is not well taken.

██ But it does not follow, from what we have stated, that the lower court erred in refusing the mandamus for which relator applied, because the commissioner based his refusal to issue the lease upon a second and further ground —that section 7 of chapter 125 of the Laws of 1929 required that the lease should be first put up at auction, and that relator could only exercise his preference right by meeting the highest bid made thereat. In this position the commissioner was correct. Assuming that relator's contention, to the effect that he takes his rights from his contract, and not from any provision of the law of 1929, is sound, we find that his contract, by its express terms, entitles him to have and use his preference right to obtain a new lease on the same land "according to the rules of the State Land Office." It is not that section 7 of the Act of 1929 is retroactive in its terms or intent, but it is because relator's contract expressly refers to such rules as may be in effect on the 3d day of May, 1929, that relator's contention cannot be sustained. In so far as the rules of the

land office provide the price which relator or any other applicant must pay for a new lease and a manner in which that price must be ascertained, relator must abide by those rules, and the fact that section 7, which requires the auction of all lands within the restricted district, is a rule for the ascertainment of the price, decides the question.

Both parties have requested us to enter into a discussion of the various sections and provisions of the act of 1929, but we have concluded that we are not justified in extending our remarks beyond those necessary to decide the particular case now before us.

The conclusion which we have reached requires the affirmance of the judgment. We assume that the commissioner will now proceed to subject the lease for which relator has applied to the auction required by section 7 of the act, and that he will accord to the relator the right to exercise his preference, if he is willing to comply with the requirements of the law.

The judgment of the lower court should be affirmed, and the cause should be remanded, and it is so ordered.

BICKLEY, C. J., and WATSON, PARKER, and CATRON, JJ., concur.