[No. 3506.   April 21, 1930.]

ATLANTIC OIL PRODUCING CO. v. CRILE,
Commissioner of Public Lands.

[287 Pac. 696.]

M. A. Otero, Jr., Atty. Gen., Hurd & Crile, of Roswell, and Chas. B. Barker and J. O. Seth, all of Santa Fe, for appellant.

Reid, Hervey, Dow & Hill, of Roswell, and Thomas R. Freeman, of Dallas, Tex., for appellee.

OPINION OF THE COURT

WATSON, J.

Relator, owning a state oil and gas lease dated January 23, 1925, similar in form and substance to that considered in State ex rel, Malone v. Crile, 34 N. M. 520, 284 P. 762, claimed the right to surrender it and to receive in lieu thereof a new lease in the form authorized by Laws 1929, c. 125 (1929 Comp. § 132—401 et seq.). Respondent, the commissioner of public lands, offered to issue such a lease for a term equal to the remainder of the five-year term of the surrendered lease. This relator refused, claiming that the act gave him the right to a full five-year term. He sought relief by mandamus; which being granted, the commissioner has appealed.

The appeal presents but the one question. It depends upon the meaning of section 14 of the act, which reads:

"All oil and gas leases issued by the commissioner prior to the effective date of this act and in substantial conformity with the statutes of the state then in force which have not expired or which have not been legally cancelled for non-performance by the lessee or assignee, are hereby declared to be valid and existing contracts with the state of New Mexico according to their terms and provisions, and the obligation of the state to observe and conform to the terms and provisions of such leases is hereby recognized, and the commissioner is hereby directed to accept and recog-

nize all such leases according to their express terms and provisions; Provided, however, that in any case where two or more persons claim a valid lease on the same tract or tracts of land under the provisions of this section, then the rights of the conflicting claimants shall be determined by suit in the manner prescribed in section 17 (132—417) of this act. Any lease recognized and confirmed by this section which was issued prior to March 23rd, 1927, may be relinquished to the state by the lessee or assignee and new leases in the form authorized herein shall be issued in lieu of same and without bonus therefor, but the new lease so issued shall provide for the same annual rental as is fixed by regulations in force at the time such relinquishment is filed which would apply to such lands and the provisions of section 7 (132—407) of this act shall not apply in such cases."

Appellee is unquestionably entitled to a new lease in the form authorized by the act, section 2 of which provides, among other matters, that:

"The term of all oil and gas leases issued under the provisions of this act shall be five years and as long thereafter as oil or gas in paying quantities is produced from the leased lands, subject to the provisions of section 3 of this act."

Section 3 contains no provisions for shortening the term. It provides for preference right for new leases and for extensions.

Appellant, as a public officer, has been moved to resist appellee's demand in the belief that it results in loss and disadvantage to the educational and other public institutions, beneficial owners of the lands. Apparently in their interest, section 7 of the act introduces the system of competitive bidding as a means of obtaining the greatest returns from the leases. The lessee surrendering under section 14 is excused from this. If appellee's contention shall prevail, one holding a lease issued prior to March 23, 1927, may enjoy substantially the whole of his original term, and then by surrendering, perchance on the last day, obtain another five-year term, with privileges of preference and extension; escaping the requirement of competitive bidding. This will postpone the effectiveness and the public benefit to be derived from section 7 and from the recent decision in the Malone Case. For, while the lessee claiming a preference right must submit to the auction and meet the highest bid, he may accomplish the same result for himself, and avoid the auction, by invoking the surrender privilege of section 14.

The results suggested are obvious. They are calculated strongly to impress all who are charged with responsibility in the matter in behalf of the public. Yet each must remind himself of the limits of his responsibility and authority. If the Legislature has adopted a policy, the executive and the judiciary have but to enforce it. Considerations of public interest can have no greater weight than as they may aid us reasonably to interpret the legislative will.

Counsel have not contended that the term to be granted is matter of discretion. It is assumed that the legislature has intended to prescribe it. It is either a full five-year term or the remainder of the original term. Which, is to be determined from controlling statutory provisions. As determined, appellee may claim it as of right.

Appellee's defense of its theory may be reduced to a simple syllogism:

"All leases issued under the 1929 act must be for five years.

"Appellee is entitled to a lease under the 1929 act.

"Therefore, appellee is entitled to a lease for five years."

Unless appellant can destroy a premise, he cannot escape the conclusion.

■ Appellee thus readily points to the statute as authority for its contention. Unless appellant can do the same his case is hopeless. If the statute is ambiguous, we shall have a case for construction. We may then consider the history of oil development in this state and of lease legislation. We may resort to the established canons of construction. The briefs furnish a wealth of material of this class. We pass it now, and shall never reach it, unless appellant can introduce ambiguity and put us to interpretation. Of all the points forcefully urged by appellants' able counsel, but two can be said to be directed to this end; to establish legislative intent that the new lease is to be for the unexpired term of the old.

■ ■ The new lease is to be "in lieu of" the lease surrendered. This, it is argued, suggests the idea of equivalence between the thing surrendered and the thing ac-

quired. The thing surrendered is of like kind with the thing acquired; that is, a lease. That would seem to bring it within the holding in Perry v. Dance (Ky.) 112 S. W. 911, upon which appellant particularly relies. That the lease surrendered should differ from the lease acquired in its provisions, in the benefits to be enjoyed under it, is to be anticipated. Otherwise there would have been no reason for permitting the exchange. There is no more reason for holding that they must be the same as to term than for holding that they must be the same in any other feature.

It is true, as appellant points out, that section 14 does not say that the new lease shall be for the term authorized by the act. It does say "in the form authorized herein." There is a distinction between form and substance, undoubtedly. But matters of form are not authorized or prescribed by the act. The commissioner may adopt such form as he desires. He may, indeed, insert matters of substance not inconsistent with the provisions of the act. Sections 1, 12. The Legislature has prescribed substance only. So, if "in the form authorized herein" means anything at all, it must mean "in accordance with the provisions of this act." One of those provisions is that "the term * * * shall be five years. * * *"

Making a slight allowance for a not unusual looseness of expression, we find no ambiguity. To adopt appellant's contention would be to legislate, not to interpret. The expression "in lieu of" lends itself as well to one interpretation as to the other. "In the form authorized herein" is inaccurate as an aid to appellee's interpretation, but lends no aid to appellant's. Certainly the former of these expressions, and perhaps the latter, might have been omitted without changing the meaning of the section. They afford no sufficient basis to hold that the Legislature purposed reverting to the system of issuing new leases for the unexpired terms; the system introduced in 1925 (c. 137, § 9) and abandoned in 1927 (c. 46, § 3). Section 9 of the 1925 act was before the Legislature as a model. It could not have thought that it was expressing the same thing when it enacted section 14 of the 1929 act.

The other of appellant's contentions which requires notice is that the express repeal (Laws 1929, c. 125, § 20) of Laws 1927, c. 46, revived Laws 1925, c. 137, § 9, and restored the provision that "* * * leases may be surrendered * * * and new leases taken * * * for the unexpired term. * * *" The contention does not seem to be made with confidence. It is suggested, however, that "respectable authority" is to be found "to the effect that * * * where the act repealed did not repeal but merely amended an earlier act, and where such amending act is repealed, the original act becomes effective in the form it stood before the amendment." He cites 25 R. C. L. 934; 36 Cyc. 1101, Hannibal v. Guyott, 18 Mo. 515; Palmer v. Palmer, 132 Ark. 609, 202 S. W. 19.

We need not question the correctness of the decisions cited, nor that in certain cases the repeal of an amendatory act shows an intent to restore the original act. Illustrations may be found in the case note, Ann. Cas. 1918B, 286 et seq. But counsel overlook that Laws 1929, c. 125, is not a mere repealer. It is a comprehensive act regulating oil and gas leases of state lands. Its provisions (sections 1, 2, 3, and 14) cover the same matters as were covered by sections 1, 2, and 9 of Laws 1925, c. 137. Laws 1927, c. 46, was but the amended form of the latter sections. Ex parte Carrillo, 22 N. M. 149, 158 P. 800. A comparison of sections 1, 2, and 9 of the 1925 act with sections 1, 2, 3, and 14 of the 1929 act is convincing that it was not intended to revive the former. Former Justice Bratton, in considering and applying the common-law rule now abrogated (1929 Comp. § 139—104), that the repeal of a repealer revives the original statute, remarked:

"This rules does not apply where the new legislative enactment, by which the repealing statute is repealed, consists of a revision or a substitute for the original act, or where new legislation upon the subject of the original act is therein adopted, as this would be clearly contrary to an intention on the part of the Legislature to revive such original act. It would manifest an intention, not to revive, but to legislate anew upon the subject."

Gallegos v. A., T. & S. F. Ry. Co., 28 N. M. 472, 214 P. 579, 581. Such is no doubt the rule applicable here.

It seems needless to say more. The remainder of appellant's argument might well move discretion if there were any discretion. It might influence construction if construction were called for. These the Legislature has excluded. It has adopted the policy. We cannot deviate from it.

The judgment must be affirmed, and the cause remanded for its enforcement. It is so ordered.

BICKLEY, C. J., and PARKER, CATRON, and SIMMS, JJ., concur.