308 P.2d 199

**S. G. BURCH, Plaintiff-Appellee,**

v.

**Thomas P. FOY, Defendant-Appellant.**

No. 6117.

Supreme Court of New Mexico.

Feb. 7, 1957.

Rehearing Denied March 28, 1957.

Richard H. Robinson, Atty. Gen., Fred M. Standley, Walter R. Kegel and Howard M. Rosenthal, Asst. Attys. Gen., for appellant.

Harry L. Bigbee, Donnan Stephenson, Santa Fe, for appellee.

LUJAN, Chief Justice.

This is a suit by plaintiff-appellee against the district attorney of the Sixth Judicial District to enjoin him from enforcing the criminal provisions of Chapter 200, Laws of 1955, against him, and to declare said act unconstitutional. The court made and entered its order declaring the above law unconstitutional and permanently enjoined the defendant from enforcing or attempting to enforce the same, and the state appeals.

The plaintiff, among other things, alleges:

"2. That he is the owner and operator of a variety store of the type sometimes called a 'five and ten cent store' in Deming, wherein he is engaged in selling at retail the sundry articles ordinarily sold in stores of said type, doing business under the name and style

of 'Ben Franklin Store', and he brings this suit on behalf of himself and others similarly situated whose employees are purportedly required to be paid a minimum wage of seventy-five (75¢) cents per hour but whose competitors' employees are classified as 'service employees' by the Act referred to in the next paragraph, or whose employees are not covered by said Act.

"4. He is the employer of four or more persons in connection with the aforesaid business, certain of whom are presently paid less than the wages prescribed by the aforesaid Wage and Hour Act if said Act is applicable to said business.

"8. Among his principal competitors in Deming are numerous so-called 'Drug Stores' which sell at retail the same or substantially similar types of variety and sundry articles of merchandise in Deming in close proximity to his stores.

"9. Substantially all of said drug stores referred to in the preceding paragraph are establishments furnishing food and drink for consumption on his premises. He is further informed and believes that certain of his said competitors compensate their employees on flat-rate schedules. .  .

"10. By virtue of the matters and things alleged in the preceding paragraph, the terms of said Wage and Hour Act permit substantially all of his competitors referred to in the two preceding paragraphs to either pay a minimum wage of fifty cents (50¢) per hour or said Act does not apply to them, whereas, said act, if applicable, requires him to pay a minimum wage of seventy-five cents (75¢) per hour to each of his employees covered by said Act for performing substantially the same duties as his said competitors' employees."

The facts as disclosed by the petition, answer, and stipulation of counsel are substantially as follows: The plaintiff owns and operates a five and ten cent store in Deming, New Mexico; it is located in the same block as is a Walgreen Drug Store and a Rexall Drug Store, both of which employ more than four employees, and handle the same type of merchandise; both maintain a fountain and lunch counter. These two drug stores carry substantially the same type of merchandise as does the plaintiff. No food or drink for consumption are sold by the plaintiff in his establishment. Plaintiff employs more than four persons who are paid a weekly salary of less than the wages prescribed by Chapter 200, Laws of 1955. Defendant determined that the above Act is applicable to plaintiff's business and threatened to proceed to enforce or attempt to enforce the criminal provision against him. Among plaintiff's

competitors are numerous other drug stores which deal in the same type of merchandise as plaintiff, and substantially all of them sell food and drink in their establishments, although the plaintiff does not.

It is further stipulated that the term "flat rate schedule" used in the Act has a meaning in the automobile repair field. That is the only technical meaning known. It is not known whether this is the only field where a flat rate schedule is used.

Based upon the above stipulated facts the court concluded as a matter of law:

"4. The Wage and Hour Act attempts to set up arbitrary, unreasonable and capricious classifications, does not affect all employers within the purview thereof alike, the purported classifications are not based upon substantial distinctions with a proper relation to the objects classified and the purpose sought to be achieved and does not embrace in a uniform fashion all persons who naturally belong in said class in that plaintiff and others similarly situated are by the provisions of said act subjected to an unlawful, arbitrary and capricious discrimination and are denied the same protection of the laws which is enjoyed by other persons in like circumstances, including certain of his competitors.

"5. The Wage and Hour Act unlawfully, arbitrarily and capriciously discriminates against the plaintiff and in favor of certain of his competitors and confers upon his said competitors a competitive advantage.

"6. The Wage and Hour Act deprives plaintiff and others similarly situated of the equal protection of the laws guaranteed and secured by the Fourteenth Amendment of the Constitution of the United States and Article II, Section 18 of the Constitution of the State of New Mexico, and is therefore unconstitutional, void and of no effect."

Section two of Chapter 200, Laws of 1955, provides in part as follows:

"Definitions.

"(a) 'Employ' includes suffer or permit to work.

"(b) 'Employer' includes any individual, partnership, association, corporation, business trust, legal representative or any organized group of persons employing four or more employees at any one time, acting directly or indirectly in the interest of an employer in relation to an employee, but shall not include the United States, the state or any political subdivision thereof.

"(c) 'Service employees' shall be interpreted to mean persons employed in the following establishments and occupations:

"(1) restaurants, cafes, *drug stores,* and other establishments furnishing food or drink for consumption on the premises; [emphasis ours]

\* \* \* \* \* \*

"(d) 'Employee' includes any individual employed by any employer, but shall not include—[Here follows the exemptions] \* \* \*"

Section three.

"Minimum Wages.

"(a) Every employer, except as provided in the foregoing section shall pay to each of his employees wages at the following rates:

"(1) Not less than 75 cents an hour, provided, however, that service employees as hereinbefore defined shall be paid a minimum base rate of not less than 50 cents per hour."

Under point one defendant-appellant, argues that "Chapter 200, Laws of 1955, is a valid enactment under the police power of the state, based upon a reasonable classification of subject matter by the Legislature." Says he, that the apparent basis of the court's decision is that under the said chapter the plaintiff is required to pay all of his employees a minimum wage of 75¢ per hour while his competitors in the drug-store business are only required to pay a minimum wage of 50¢ per hour. That the court assumes that the minimum wage advantage is available to plaintiff's competitors with respect to all of their employees and bases its decision upon that premise. That the premise is false and that the law may and should be construed to grant the privilege of paying this lower minimum wage *only to such employees* of plaintiff's competitors *as are actually engaged in the occupation of furnishing food or drink for consumption on the premises.* We are not impressed with this argument.

A statute must be read and given effect as it is written by the Legislature, not as the court may think it should be or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration. But defendant argues that the act should be construed to mean that only employees of such competing drug stores as are *actually* engaged in selling and serving food and drink to its customers are "service employees" and need only be paid fifty cents an hour, and that all other employees of defendant should be classified otherwise. If it was the intention of the Legislature to designate such employees working in a drug store who actually sell and dispense food and drink, as "service employees" and all other employees otherwise, then the statute needs clarification which we think should come by way of Legislative amendment. Courts must take the act as they find it and construe it according to the plain meaning of the language employed. If the act is to be

given a different effect, in this respect, it must be by an act of the Legislature.

The act does not attempt to distinguish between persons employed in a drug store such as waiters from clerks, and other employees, but says "service employees" shall be interpreted to mean persons employed in the following establishments and occupations; drug stores; nor does it single out drug stores that serve food and drink, but refers to all drug stores. Clearly then under section 2(c)(1) every person employed in such drug store is a "service employee" whether he actually sells and serves food and drink, or not. To interpret the provisions of the act to mean that only those employees of a drug store, that have lunch counters and fountains, and actually serve food and drink on the premises are "service employees" would be to enlarge the terms of the act both as to words and meaning. Courts cannot read into an act something that is not within the manifest intention of the Legislature as gathered from the statute itself. This would be judicial legislation. Where the language of a statute is clear and unambiguous, as the act in question, there is no room for construction thereof. De Graftenreid v. Strong, 28 N.M. 91, 206 P. 694; Atlantic Oil Producing Co. v. Crile, 34 N.M. 650, 287 P. 696; Giomi v. Chase, 47 N.M. 22, 132 P.2d 715; Gonzales v. Sharp & Fellows Contracting Co., 51 N.M. 121, 179 P.2d 762; George v. Miller & Smith, 54 N.M. 210, 219 P.2d 285;

Hendricks v. Hendricks, 55 N.M. 51, 226 P.2d 464; Carper v. Board of County Commissioners of Eddy County, 57 N.M. 137, 255 P.2d 673.

Passing then to the question of classification, we reach really the crucial point of the case. We have endeavored to give this subject the most careful thought and investigation, but have been unable to convince ourselves that the attempted classification in this law answers the requirements of legal and constitutional classification, i.e., equal protection of the law. It is an old expression that classification, in order to be legal, must be rational; it must be founded upon real differences of situation or condition, which bear a just and proper relation to the attempted classification, and reasonably justify a different rule. State v. Henry, 37 N.M. 536, 25 P.2d 204, 90 A.L.R. 805; 12 Am.Jur., Constitutional Law, Sections 476 and 481.

It is well settled that there may justly be classification between employer and employee; each may be made a class, and a different rule applied, because there are differences of situation and in the considerations applicable to the various classes. But while classification is proper, there must always be uniformity within the class. If persons under the same circumstances and conditions are treated differently, there is arbitrary discrimination, and not classification. State v. Henry, supra. It is

claimed that such is the effect of the present law, and we can see no escape from the conclusion.

Under the provisions of section 3(a) (1) of the act the plaintiff is required to pay his employees the minimum wage of 75¢ per hour. On the other hand his competitors' employees, because they work in drug stores, whether they serve food and drink for consumption on the premises or not, are declared to be "service employees" and need only be paid 50¢ per hour. Thus, appellee's competitors obtain a competitive advantage because they are entitled to pay a lower minimum wage to its employees performing the same functions as in direct competition with appellee's employees.

We are of opinion that the Act under consideration constitutes class legislation of the most objectionable kind insofar as it refers to drug store employees. The classification is arbitrary and oppressive and without any valid reason for its basis.

Under point two defendant contends that the Act in question is not so vague, indefinite and uncertain in its application as to render it unconstitutional. We agree with defendant's contention with the exception of what has heretofore been held as to Section 2(c) (1) of the Act.

We have carefully examined the remaining provisions of the law and conclude that it is not subject to the objections of vagueness, indefiniteness and uncertainty. The invalid provision of the Act heretofore mentioned can easily be separated from the remaining provisions, so that the other employers and employees enumerated therein are in no wise affected by the partial invalidity and should be permitted to stand. It is clearly apparent that the Legislature would have enacted the valid portions of the Act, even though it had been known that the portion herein held invalid could not be carried into effect. In fact it is provided by Section 8 of the Act that:

"If any provision of this Act, or the application thereof to any person or circumstance, is held invalid the remainder of the Act and the application of such provision to other persons or circumstances shall not be affected thereby."

This court, speaking through Chief Justice Sadler in Safeway Stores, Inc., v. Vigil, 40 N.M. 190, 57 P.2d 287, discussed the rule relating to the effect of the partial invalidity of a statute, and, while the facts in that case compelled a result directly opposite to that reached under the present facts, what was there said is equally applicable here, and need not be repeated. See also Schwartz v. Town of Gallup, 22 N.M. 521, 165 P. 345, 348; In re Santillanes, 47 N.M. 140, 138 P.2d 503; and State v. Chavez, 58 N.M. 802, 277 P.2d 302.

We declare that Section 2(c) (1) of the Act, insofar as it relates to drug stores is

invalid and that the remaining provisions are valid. Consequently, the judgment is affirmed in part and in part reversed, with directions to the trial court to proceed accordingly.

It is so ordered.

McGHEE, COMPTON and KIKER, JJ., concur.

SADLER, J., dissents.

SADLER, Justice (dissenting).

The critical language in the statute assailed is found in L.1955, c. 200, § 2(c) (I), 1953 Comp., § 59–3–21(c) (1), 1955 Supplement, reading as follows:

"(c) 'Service employees' shall be interpreted to mean persons employed in the following establishments and occupations:

"(1) restaurants, cafes, drug stores, and other establishments furnishing food or drink for consumption on the premises."

If the construction given this language by the majority be correct, then it was the legislative intent that employees in the establishments mentioned, other than those engaged in serving, i. e. "furnishing food or drink for consumption on the premises," as well as those so engaged, are governed by the minimum wage of 50 cents per hour. In other words, the pharmacist in the "drug store," or the dietician, or bookkeeper in the cafe or restaurant, or the manager of the cafe or drug store, each and all are proper subjects for an application of the lowest bracket of the minimum wage, imposed by the law.

A construction so shocking, so inequitable and so unfair, naturally, causes one to come to an abrupt halt in a consideration of the matter and inquire: Could the legislature, actually, have intended so absurd a result? Only when no other fair and reasonable meaning may be deduced from the language employed, should we adopt an interpretation that tends to convict the legislature of stupidity. Indeed, it is a cardinal rule of statutory construction that we should not strike down a legislative enactment until we have exhausted every reasonable intendment in favor of its legality. State v. Saiz, 62 N. M. ——, 308 P.2d 205. The majority have failed to apply this cardinal rule here.

A consideration of the language employed cannot fail to satisfy one that the legislature only intended it to apply to bar maids, waitresses, soda jerkers, tray boys and others immediately engaged in serving food and drink consumed on the premises —not to the pharmacist in a drug store, or the bookkeeper or accountant in a cafe or restaurant. The use of the word "occupation" in the language quoted supports such a construction.

It does not aid the majority position to say the legislature can easily clarify the law by amending. They have already made it clear according to a reasonable construction of the questioned language. The majority ruling otherwise,

I dissent.

Order Denying Motion for Rehearing.

PER CURIAM.

This cause coming on for consideration on motion for rehearing filed by the plaintiff (appellee) complaining of the opinion filed in so far as it holds unconstitutional a portion of L.1955, c. 200, and the Court having read and considered said motion and the briefs of the parties touching same, and being well and sufficiently advised in the premises;

It Is Ordered by the Court, Chief Justice LUJAN, Mr. Justice COMPTON and Mr. Justice KIKER assenting; Mr. Justice SADLER and Mr. Justice McGHEE, dissenting, that the motion for rehearing be and the same is hereby denied. Mr. Justice McGHEE having announced that further consideration has satisfied him the questioned act is not subject to the objections made against it, wishes to withdraw his concurrence in the majority opinion, as heretofore indicated, and announces concurrence in the dissenting opinion filed by Mr. Justice SADLER.