614 P.2d 541

**Clarence PEREA, Petitioner-Appellee,**

v.

**James R. BACA, Director, Department of Alcoholic Beverage Control, Respondent-Appellant.**

**No. 12796.**

Supreme Court of New Mexico.

July 14, 1980.

Jeff Bingaman, Atty. Gen., Arthur J. Waskey, Asst. Atty. Gen., Santa Fe, for respondent-appellant.

David L. Norvell, Albuquerque, for petitioner-appellee.

OPINION

FEDERICI, Justice.

This appeal arises out of an action filed by Perea, petitioner-appellee, in the District Court of Santa Fe County, seeking a writ of mandamus to compel James Baca, Director of the Department of Alcoholic Beverage Control, respondent-appellant, to grant a zone location transfer of a liquor license owned by Perea. The district court made the alternative writ of mandamus permanent, ordering the Director to transfer the

license. The Director appeals from that order.

The parties have stipulated to the following facts: New Mexico Liquor License No. 787 originated in Cedar Crest, Bernalillo County, New Mexico, a location solely within the five-mile buffer zone of the Village of Tijeras. On December 28, 1978, ownership of this license was transferred to Perea, and the location of the license was transferred from Cedar Crest to a location east of the community of Carnue. This second location was within the Tijeras five-mile buffer zone, but it was also within an overlapping area of the Albuquerque five-mile buffer zone.[1]

On February 28, 1979, Mr. Perea applied to the Department of Alcoholic Beverage Control for a transfer of License No. 787 from the location near Carnue to a new location at 205 Isleta Blvd., SW, Bernalillo County. This location is completely outside the Tijeras five-mile buffer zone and solely within the Albuquerque five-mile buffer zone.

A hearing on this transfer was held before Baca on April 19, 1979, at which time Baca denied the transfer based on the ground that such a transfer would constitute a transfer from one buffer zone to another and thus violate provisions of New Mexico's liquor license quota law (§§ 60–7–1 to 33, N.M.S.A.1978), specifically, Section 60–7–29, N.M.S.A.1978. This statute provides, in pertinent part:

> The maximum number of licenses to be issued . . . shall be as follows:
>
> B. in unincorporated areas, not more than one dispenser's or one retailer's or one club license for each two thousand or major fraction thereof population in any county excluding the population of incorporated municipalities within the county, provided no new or additional license shall be issued in unincorporated areas or transfers approved for locations or premises situate within five miles of the corporate limits of any municipality, except

that transfer of a license already within the five mile zone may be made:

> (1) to another location within the zone;

> \*    \*    \*    \*    \*    \*

At the time of the hearing, no other grounds for denying the transfer were known to exist.

The parties have not contested the above stipulations, which makes them binding on this Court. *See Commercial Warehouse Co. v. Hyder Brothers, Inc.*, 75 N.M. 792, 411 P.2d 978 (1965).

The trial court's findings material to the issues in this appeal but not stipulated to by the parties, are:

> The statutory language [quoted above] is unambiguous, on its face.
>
> [T]he proposed transfer of liquor license # 787 to a location within the Albuquerque buffer zone is not a new or additional license;
>
> [L]iquor license # 787 is presently located within the Albuquerque buffer zone and the proposed transfer is within the same zone;
>
> [Perea] has complied with all statutory requirements necessary to effectuate a transfer of liquor license # 787 to within the Albuquerque buffer zone;
>
> [U]pon compliance with the statutory requirements and no cause existing for the denial of the transfer, there exists a mandatory non-discretionary duty to transfer the license within the same zone.

The district court's findings of fact and conclusions of law are conclusive and are binding upon this Court since appellant did not file requested findings as required by N.M.R.Civ.P. 52(B)(a)(6), N.M.S.A.1978. *Edington v. Alba*, 74 N.M. 263, 392 P.2d 675 (1964).

We are bound by the above stipulation and the findings of the trial court. Only one issue is before us on this appeal: whether the trial court properly held that appellee could bring an action against ap-

---

1. This transfer is not challenged and is not a part of this appeal.

pellant in mandamus, we affirm the trial court.

■ Jurisdiction of the district court may be raised on appeal, since that court could not act if it did not properly have jurisdiction. *See* N.M.R.Civ.App. 11, N.M.S.A. 1978; *State v. Arnold*, 51 N.M. 311, 183 P.2d 845 (1947); *State v. McNeece*, 82 N.M. 345, 481 P.2d 707 (Ct.App.1971). If appellee could not properly bring an action against appellant in mandamus, the trial court exceeded its jurisdiction in granting the relief requested. Appellant complains that the trial court erred in issuing its writ of mandamus for two reasons: (1) appellant was performing a discretionary act; and (2) the transfer of the liquor license was not to another location within the same zone, as required by Section 60–7–29, N.M.S.A.1978.

Concerning his first contention, *El Dorado at Santa Fe, Inc. v. Board of Cty. Com'rs.*, 89 N.M. 313, 551 P.2d 1360 (1976), sets out the test we must use. While mandamus cannot be used to compel the *discretionary* act of a public official, it is proper to compel one to perform *ministerial* acts.

In *El Dorado*, this Court held that the Board of County Commissioners has discretion to determine whether statutory requirements have been met, but when it is conceded that those requirements have been met, the Board's duty becomes ministerial and subject to enforcement by mandamus:

> We conclude that under these statutes nothing remained for the Board to do but the ministerial act of endorsing their approval on the plats which had complied with all statutory requirements.

*Id.* at 318, 551 P.2d at 1365.

Specifically addressing the Board's assertion of discretion once it had found all statutory requirements had been met, the Court said:

> Where then is the discretion asserted by the Board? While the statute quoted did not expressly impose a duty to approve the plat when the requirements of § 14–19–6 were met, the duty existed by

necessary implication. No other requirements were laid down as a prerequisite for approval, and recording and sale were prohibited absent such approval. §§ 14–19–6, 70–3–3. The Board was charged with the duty to consider whether the requirements of § 14–19–6 had been met. The writ states not only that those requirements were met, but also that the Board had determined that such was the case.

> Upon compliance with § 14–19–6 by El Dorado, it had a right to have the Board determine that such was the case; upon the Board so determining, it had a right to have the members of the Board so signify by performing the ministerial act of signing their names on the plats.

*Id.* at 319, 551 P.2d at 1366.

In the case before us, appellant was required to conduct a hearing on the transfer of the liquor license, and to approve or disapprove the transfer based upon evidence taken at the hearing. Section 7–24–6(B), N.M.S.A.1978 (Repealed, Laws 1979, ch. 201, § 6), Recodified at § 60–7–18, N.M.S.A.1978 (Cum.Supp.1979). Section 7–24–7, N.M.S.A.1978 (Repealed, Laws 1979, ch. 201, § 6), Recodified at § 60–7–18, N.M.S.A.1978 (Cum.Supp.1979) requires, in pertinent part:

> [T]he chief of division shall take into consideration the population of the locality involved, the number of existing licenses in the locality, and the public health, safety and welfare of the locality.

Both the stipulations of the parties and the findings of the trial court bind us to the conclusion that all of these prerequisites were met.

The *El Dorado* case is analogous to this case. In both cases a writ of mandamus was sought to compel an administrative agency to perform a ministerial duty once the agency had determined that all statutory requirements had been met. In both, the agencies asserted that they had general discretionary powers; in both cases the public authority had conceded that the statutory requirements had been satisfied.

No doubt the Legislature has placed considerable discretion in appellant in the issuance of transfers of licenses. *See El Dorado, supra; Yarbrough v. Montoya,* 54 N.M. 91, 214 P.2d 769 (1950). But this discretion is not unrestricted. In *Baca v. Grisolano,* 57 N.M. 176, 256 P.2d 792 (1953), this Court said:

> The Chief of Liquor Control, an administrative officer, has only such powers as are granted by the legislature. His powers are specifically described and limited, and he is specially prohibited from granting liquor licenses and has no power to do so until he has performed certain acts made mandatory by the statute.

*Id.* at 185, 256 P.2d at 798.

In fulfilling his duty, appellant has a great deal of discretion in determining whether the statutory requirements have been met. Since there is no question concerning the completion of these discretionary acts, appellant was performing a ministerial function, and mandamus is an appropriate remedy to seek, unless the transfer of the liquor license did not comply with the statutory requirement for a transfer within the same zone. Section 60–7–29, *supra.*

Appellant argues that the license was in the Tijeras zone, and not truly in the Albuquerque zone, and that the Albuquerque zone merely overlapped into the Tijeras zone at this point. Alternatively, appellant argues that the process appellee employed to transfer the liquor license from the overlapping zones to the Albuquerque zone exclusively is prohibited by the liquor license quota laws generally.

An administrative construction given a statute by the agency charged with its administration is persuasive and will not be lightly overturned. *Valley Country Club v. Mender,* 64 N.M. 59, 62, 323 P.2d 1099, 1101 (1958).

It is also true that "absent any clear intent expressed to the contrary, [statutory] words are to have their ordinary and usual meaning." *State ex rel. Maloney v. Sierra,* 82 N.M. 125, 134, 477 P.2d 301, 310 (1970).

If there is any doubt as to the meaning of the words, we are permitted to interpret by looking to legislative intent, but otherwise, we should not. *State ex rel. Maloney, supra.*

In this case, the liquor license was in both the Tijeras zone and the Albuquerque zone. Having determined that the license was in the Albuquerque zone, we must look to the statutory language providing for transfers within the same zone.

Section 60–7–29 states: "[T]he transfer of a license already within the five mile zone may be made . . . to another location within the zone." The statute authorizes the requested transfer. The language of the statute is clear. There is no room for interpretation.

The fact that the license was also in the Tijeras zone does not justify a departure from established rules of statutory construction. This Court said in *Burch v. Foy,* 62 N.M. 219, 308 P.2d 199 (1957):

> A statute must be read and given effect as it is written by the Legislature, not as the court may think it should be or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration. . . . Courts must take the act as they find it and construe it according to the plain meaning of the language employed.

*Id.* at 223, 308 P.2d 202.

If a change in the statute is necessary or proper, that is a task for the Legislature.

Mandamus was properly before the trial court, and the writ was properly issued. The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE and FELTER, JJ., concur.

EASLEY, J., dissents.