## PALMER *v.* PALMER.

### Opinion delivered March 11, 1918.

1. CONSTITUTIONAL LAW—AMENDATORY STATUTES—RE-ENACTMENT.—
   Where amendatory statutes conferring rights or granting powers are re-enacted at length, it is permissible to adopt remedies and procedure by reference only, and such method does not offend against § 22, Art. 5 of the Constitution of 1874.
2. FENCING DISTRICTS—STOCK RUNNING AT LARGE.—By the passage of Act 183, Acts of 1915, *held,* the Legislature intended to fully and completely reinstate Act 17, Acts of 1905, so as to permit Clark County, or any subdivision thereof, not less than five square miles, to be organized into districts to prevent hogs from running at large.

Appeal from Clark Circuit Court; *Geo. R. Haynie,* Judge; reversed.

*Callaway & Huie,* for appellants.

1. The court should have required appellees to elect on which petition they would stand. It should have refused the petition for *certiorari,* because any interested

party could have appealed, and having failed to do so, they are bound by the order of the county court.

2. The county court had jurisdiction to establish the district. Act 183, Acts 1915, is not unconstitutional. It amends Act 262 of 1905, and the courts should construe the act as if the original act had been originally enacted as amended. 91 Ark. 243; 89 *Id.* 598; 55 *Id.* 389; 73 *Id.* 600. See also 61 Ark. 622-5; 64 *Id.* 467-9; 120 *Id.* 165-8.

3. Under these decisions Act 183 of 1915 amending Act 262 of 1905, a majority of qualified electors have the power to form a fencing district. 91 Ark. 243.

*McMillan & McMillan,* for appellees.

1. The county court had no jurisdiction and *certiorari* was the proper remedy. 38 Ark. 159; 44 *Id.* 509; 124 *Id.* 234.

2. The Clark County Court had no jurisdiction to establish the hog district in Amity Township. Act 17 of 1905. Act 79 of 1905 amends Sec. 1. Act 262 of 1905 repeals Act 17 of 1905. Act 183 of 1915 gives Clark County jurisdiction to establish a district in Amity Township. A repealing statute can not be amended so as to bring back into existence the repealed statute. Kirby & Castle's Dig. § 9724; 120 Ark. 167; 52 *Id.* 295; 49 *Id.* 131. The county court had no authority to establish a district.

HUMPHREYS, J. Amity Township, in Clark County, was organized, on the 31st day of July, 1916, into a district to prevent hogs from running at large, under Act 17, Acts 1905. On the 22nd day of June, 1917, appellees filed a petition in the county court of Clark County to abolish the district. Upon hearing the county court abolished the district, from which an appeal was prosecuted to the circuit court. While that appeal was pending, appellees applied for a writ of *certiorari* to bring up the original order establishing the district, alleging that the district, as organized, was void for the reason that the county court had no authority under Act

17, Acts 1905, to establish same. Both proceedings being in the circuit court, a motion was made by appellants to require appellees to elect on which petition they would stand. The court overruled the motion and proceeded to hear the petition for writ of *certiorari*. The cause was submitted upon the petition, the answer of the county clerk, the response to the petition, the original papers in the cause and a transcript of the proceedings and judgment of the county court, from which the court found that the county court had no authority under the law to establish the district. In keeping with the finding, a judgment was rendered dissolving the order establishing the district, from which an appeal has been prosecuted to this court.

The only question to be determined is whether Act 183, of Acts 1915, amended Act 17 of Acts 1905, so as to authorize the county court to include Amity Township in a district to prevent hogs from running at large. Act 17, of Acts 1905, as originally passed, applied to all, or any part not less than five square miles, of Clark County. Later in the session, the Legislature passed Act 262, which amended section 1 of Act 17 so as to exclude Amity Township and certain other territory in Clark County from the act. Act 183, of Acts 1915, amended Act 262, amending section 1 of Act 17, Acts of 1905, so as to include Amity Township and other territory in Clark County within the act. This, in effect, amended section 1 of Act 17, 1905, the same as if it had directly amended section 1 of said Act 17. It is insisted that Act 262 of Acts 1905 repealed section 1, Act 17, Acts 1905, and that the amendment of a repealing statute does not have the effect of reviving the original statute amended. In support of this contention, section 7796 of Kirby's Digest is cited, which is as follows: "When a statute shall be repealed and the repealing statute shall afterwards be repealed the first statute shall not thereby be revived except by express words." This section of the statute has no bearing here because Act 262 was not a repealing statute. It was an amending statute. It amended sec-

tion 1 of Act 17, Acts 1905, by excluding Amity Township and other territory in Clark County from the effect of the act.

(1)    It is insisted that Act 183, Acts 1915, was void because it offended against section 22, Article 5 of the Constitution of 1874, which provides that "No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length." Appellees are not correct in this contention because section 1 of Act 183, Acts 1915, was a re-enactment of section 1 of Act 17, Acts 1905. It is true that the latter part of section 1 of Act 183, Acts 1915, refers to section 2 for the procedure prerequisite to the organization of such a district. Where amendatory statutes conferring rights or granting powers are re-enacted at length, it is permissible to adopt remedies and procedure by reference only, and such method does not offend against section 22, article 5 of the Constitution of 1874. *Watkins* v. *Eureka Springs,* 49 Ark. 131; *Common School Dist. No.* 13 v. *Oak Grove Special School Dist.,* 102 Ark. 411; *State* v. *McKinley,* 120 Ark. 165; *Harrington* v. *White,* 131 Ark. 291, 199 S. W. 92; *Fenolio* v. *Bridge District,* ms. op.

The effect of the passage of Act 183, Acts 1915, was to set section 1 of said act in the place and stead of section 1 of Act 17, Acts 1905. It was said by Mr. Justice Hemingway in the case of *Mondschein* v. *State,* 55 Ark. 389, that "The amendatory provision, from and after its passage, became a part of the act (meaning the original act), and, in its relation to the other sections of the act, stands with reference to future transactions as though the act had been originally enacted in the amended form."

(2)    It is quite clear that the Legislature intended by the Act 183, Acts 1915, to fully and completely reinstate Act 17, Acts 1905, so as to permit Clark County, or any subdivision thereof not less than five square miles.

to be organized into districts to prevent hogs from running at large.

The court was in error in holding that the county court was without authority to establish Amity Township into such a district.

The judgment is reversed and the cause remanded with instructions to enter a decree dismissing the petition for writ of certiorari.