## STATE V. KIRK.

Decided May 31, 1890.

*Justice of the peace—Filing reports—Section 1755, Mansfield's Digest, not repealed by section 5862,* ib.

> Section 1755 of Mansfield's Digest, which provides that justices of the peace shall file with the clerk of the county an abstract of misdemeanors tried before them, is not repealed by section 5862, *ib.*, subsequently adopted, which provides that justices of the peace shall file with the circuit clerk an official transcript of fines, penalties and forfeitures imposed by them.

APPEAL from *Garland* Circuit Court.

J. B. WOOD, Judge.

*W. E. Atkinson*, Attorney General, and *T. D. Crawford* for appellant.

Section 1755 is from the acts 1874-5, p. 150, and its object was to advise grand juries and others interested as to what misdemeanors had been tried by inferior courts.

Section 5862 is part of the revenue act, and its object was to insure the collection of fines, etc., imposed by inferior courts. Secs. 215, 218, rev. act, 1883. There is no repugnancy between the two acts, and the law does not favor repeals by implication. 41 Ark., 149; 50 Ark., 133.

At the date of the passage of the act of February 11, 1875, there was upon the statute books a provision substantially the same as section 5862: Gantt's Digest, sec. 5291.

It is evident that no repeal was intended. See also acts 1889, p. 142.

It follows that justices of the peace are required to file three written reports, as follows, viz. :

(1.) An abstract of misdemeanors, as required by section 1755, must be filed with the clerk of the county on or before the first day of each circuit court.

(2.) An official transcript of fines, penalties and forfeit-

ures, as required by section 5862, must be filed with the circuit clerk on or before the first day of each circuit court.

(3.)   An official transcript of fines, penalties and forfeitures, as required by the act of 1889, p. 142, must be filed with the county clerk on the first day of each term of the county court.

It is probable that the act of 1875 intended that the abstract of misdemeanors should be filed with the *circuit clerk*, although it uses the term, *"clerk of his county."*   There were few counties having separate circuit clerks at the date of passage of the act.   The fact that the circuit clerk is the custodian of all other papers intended for the inspection of the grand jury would seem to indicate such an intention, and the courts should enforce it.   37 Ark., 494;   34 Ark., 263.

COCKRILL, C. J.   Section 1755, Mansfield's Digest, requires a detailed statement of all misdemeanors tried by justices of the peace to be made by them twice a year; section 5862, which was subsequently passed, requires a report from justices of the peace and other magistrates only of such cases as have resulted in the imposition of a fine or forfeiture.   A violation of the first act was made a misdemeanor punishable by a fine of not less than $25 nor more than $50, while a violation of the second is punished by a fine of not more than $500.   Digest, sec. 5872.

Kirk was indicted for failure to comply with section 1755. The proof showed that he filed a report conforming to the requirement of section 5862, but not answering to the demands of section 1755.   The court ruled in effect that the second section repealed the first;  Kirk was acquitted, and the State has appealed.

The question is, is the section on which the indictment is based in force?

Section 1755 is a part of the act of February 11, 1875, entitled "an act prescribing and defining the duties of jus-

tices of the peace in certain cases.'' Section 5862 is a prov-What reports a
justice of the
peace is required
to file. ision of the revenue act of 1883. The act contains no express repeal of the former law, and its provisions are not inconsist-ent with the terms of that law. The only argument that can be adduced in favor of the repeal is that the new law covers the field of the old and was intended as a substitute for it. But the rule of construction which works a repeal in such cases is invoked only when there is unmistakable intent mani-fested on the part of the legislature to make the new act con-tain all the law on the subject. *Pulaski County v. Downer*, 10 Ark., 588; *Davies v. Holland*, 43 Ark., 425. A con-sideration of the second act furnishes no conclusive evidence that it was intended as a substitute for the first. The aim of the two acts is not the same—the title and subject-matter of each indicate this. The prime object of the first is to apprise grand juries of petty violations of law of which inferior tri-bunals have taken cognizance, so that they may not waste time and be at the expense of reinvestigating the same charges; while the provision of the act of 1883 was designed to protect the revenue. *Knox v. State*, 45 Ark., 500. In the passage of the last act the legislative mind was not directed to the subject of facilitating the work of the grand jury, but to fiscal affairs. The inference is strong, therefore, that the provision in question was not intended to interfere with previous legislation, not in the line of raising or preserv-ing revenue. Other sections of the revenue act of 1883 have been appealed to in other cases as repealing provisions of prior laws upon the same subjects, but in each case where the last act did not contradict the prior law, it was ruled there was no repeal by implication. *Blackwell v. State*, 45 Ark., 90; *Zerger v. Quilling*, 48 Ark., 157; *Chamberlain v. State*, 50 Ark., 132. The reasoning of the cases cited is against the repeal in this. Moreover, the revenue law in force when the act of 1875 was passed contained a provision identical in import with section 5862 of Mansfield's Digest

(see Gantt's Digest, 5291); yet the legislature enacted sec-- tion 1755, which, it is to be presumed, would not have been done if the law then in force demanded of justices of the peace all that it was deemed necessary to require of them in regard to the subject treated.

Reverse the judgment, and remand the cause.

