THOMPSON v. STATE.

. Opinion delivered December 15, 1894.

*Larceny—Unbranded cattle—Implied repeal of statute.*

Mansf. Dig., sec. 1655, providing that the conversion of un-
marked or unbrandded cattle, hogs or sheep over twelve
months old and running at large, shall not be larceny, was not
impliedly repealed by sec. 1628, *ib.*, subsequently adopted,
which provided that every person who shall steal any kind of
cattle, pigs, hogs, sheep or goats, shall be guilty of a. felony.

Appeal from Sebastian Circuit Court, Fort Smith
District.

EDGAR E. BRYANT, Judge.

*Edwin Hiner* for appellant.

Sec. 1655 Mansf. Dig., has not been repealed by im-
plication. Repeals by implication are not favored. To
produce such result the two acts must be upon the same
subject, and there must be a plain repugnancy in their
provisions. 41 Ark. 149 ; 24 *id.* 470. There is no repug-
nancy in our acts on the subject of larceny, except in
the *grade* of punishment, and only to that extent does
the act of February 12, 1883, repeal the law of larceny.

*James P. Clarke*, Attorney General, and *Chas. T.
Coleman* for appellee.

Sec. 1655 of Mansf. Dig. is not repealed by implica-
tion by act of February 12, 1883. The effect of the
latter act was to do away with the distinction of grand
and petit larceny as to the subjects enumerated, and to
make the larceny of them a felony without regard to
value. This section was construed in 24 Ark. 484. The
act of February 12, 1883, is a general affirmative statute
without negative words. There is no repugnancy be-
tween it and sec. 1655, and both should stand. 50 Ark.
137 ; 53 *id.* 337 ; 54 *id.* 237.

HUGHES, J.   This is an appeal from a judgment of conviction of larceny of a heifer, eighteen months old, unmarked and unbranded, running at large on the range. The defendant asked the following instruction:   "If you find from the evidence that the defendant did take and carry away the yearling of Patterson, as charged in the indictment, but find that, at the time of said taking and carrying away, the yearling was over twelve months old, and was unmarked and unbranded, and running at large, you will find the defendant not guilty;" which instruction the court refused to give, and the defendant excepted.   The court, on his own motion, gave the following instruction, over the objection of the defendant: "If you find, beyond a reasonable doubt, that defendant, within three years next before this indictment found in the Fort Smith district of Sebastian county, took and converted to his own use, with the felonious intent to steal and deprive the owner thereof, a heifer yearling, the property of A. H. Patterson, then you will find the defendant guilty; otherwise you will find him not guilty."   The defendant was convicted, and filed his motion for a new trial, on the ground that the court erred in giving the instruction on his own motion, and in refusing the instruction asked by defendant.   The court overruled defendant's motion, and he appeals.

Section 1655 of Mansfield's Digest, taken from the Rev. Stat. chap. 44, div. 4, art. 8, sec. 4, is as follows: "Owners of cattle, hogs or sheep, which run at large in the range or woods, shall designate such animals, if over twelve months old, by brands or ear-marks; otherwise, if taken or converted to the use of any other person, such person shall not be deemed guilty of larceny, but the owner may have his action for the value of such unmarked or unbranded animals."   Art. 4, div. 4, chap. 44, Rev. Stat. defined the crime of larceny, and fixed the punishment.   The division of larceny into grand and

petit did not then exist. The law was afterwards
changed by the introduction of this distinction. Act
December 17, 1838, sec. 4, and act of July 21, 1868, as
amended by acts of January 23, 1875, and March 22,
1881 (Mansf. Dig. sec. 1627). In 1883 the legislature
passed the following act : "Every person who shall
mark, steal or kill, or wound, with intent to steal, any
kind of cattle, pigs, hogs, sheep or goats, shall be
guilty of a felony, and upon conviction thereof, be im-
prisoned at hard labor in the penitentiary for any time
not less than one year nor more than five years." Act
Feb. 12, 1883 (Mansf. Dig. sec. 1628).

Was section 1655 repealed by implication by the
act of February 12, 1883? The rule as to the repeal of
a prior by a subsequent statute is well stated in *Cham-
berlain* v. *State*, 50 Ark. 137, by Judge Smith, as fol-
lows : "But subsequent laws do not abrogate prior
ones unless they are irreconcilably in conflict. The
courts have always leaned against implied repeals. A
general affirmative statute does not repeal a prior par-
ticular statute, or particular provisions of a prior statute,
unless negative words are used, or unless there be an
invincible repugnancy between the two. The more
specific provision controls the general, without regard
to their order and dates. The two acts are interpreted
as operating together, the specific provisions furnishing
exceptions and qualifications to the general rule."

The act of February 12, 1883, is a general affirma-
tive statute without negative words, and its effect was
to abolish the distinction, as to the subjects enumerated
in the act, that had existed between grand and petit
larceny. There does not seem to be an invincible repug-
nancy between it and section 1655, and therefore both
should stand. *State* v. *Kirk*, 53 Ark. 337 ; *Ex parte
Coleman*, 54 Ark. 237.

The candor and accurate presentation of the case by the counsel for the State, who conceded error, has relieved the court of labor.

The circuit court erred in refusing the instruction asked by the defendant, for which the judgment is reversed, and the cause is remanded for a new trial.