WELCH STAVE & MERCANTILE COMPANY v. STEVENSON.

Opinion delivered November 15, 1909.

1. INSURANCE—REQUIREMENT THAT OFFICERS FILE ANNUAL STATEMENTS.— Kirby's Digest, § § 848, 859, requiring the president and secretary of business corporations organized under that act to file an annual report of the affairs of such corporation with the county clerk, and providing that

a president or secretary who shall neglect or refuse to comply with such requirement shall be liable for all debts of the corporation contracted during the period of such neglect or refusal, are applicable to all insurance corporations, whether mutual or otherwise.   (Page 268.)

2.  SAME—IMPLIED REPEAL OF STATUTE.—Under the rule that a statute is not repealed by a later statute unless there is a clear repugnancy between the two, sections 848, 859, Kirby's Digest, requiring certain corporate officers to file annual reports and rendering them liable, if they neglect to do so, for all debts of the corporation contracted during the period of their default, were not repealed, as to mutual insurance companies, by Kirby's Digest, § 4349, requiring such companies to file annually with the State Auditor sworn statements showing their financial condition.   (Page 270.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

### STATEMENT BY THE COURT.

Appellant (plaintiff below) alleged that on and since February 26, 1906, the Ozark Insurance Company had been a corporation of this State, as organized under the provisions of section 837 and the following sections of Kirby's Digest authorizing the organization of corporations "for the purpose of engaging in or carrying on any kind of manufacturing, mechanical, mining or other lawful business," and that defendant Stevenson was president and defendant Kimmons was secretary of said corporation from and after said day of February. That said corporation was organized as a mutual insurance company for the purpose of insuring property against fire, and on February 26, 1906, issued to plaintiff its policy insuring certain property against loss by fire for twelve months from that date. That on August 3, 1906, the property so insured was destroyed by fire, and that on April 4, 1908, plaintiff recovered judgment against said corporation in that court on account of said loss for five hundred dollars with interest, which judgment remained wholly unpaid. That the defendant president and secretary did not, nor did either of them, file the certificates required by section 848 of Kirby's Digest during the years 1905 or 1906, and by reason of the neglect to do so had become liable to plaintiff for the amount of said judgment, and it prayed judgment accordingly.

Defendant filed a general demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause

of action. The court sustained said demurrer, and, the plaintiff electing to stand upon its complaint, the court dismissed the case at the costs of the plaintiff, and plaintiff appealed.

*Mechem & Mechem,* for appellant.

1. Kirby's Digest, § 848, applies to all corporations. It was the duty of the officers to make the certificate regardless of the inability, if any such, of complying with every item of the demand.

2. This section has never been repealed by implication by section 4349 or any other. Repeals by implication are not favored. 28 Ark. 325. The provisions of the subsequent act must be clearly repugnant to the former. *Ib;* 41 Ark. 151; 50 *Id.* 137; 55 *Id. State* v. *Kirk;* Sutherland, Stat. Const. (2 Ed.) 465.

*C. E. & H. P. Warner,* and *T. W. M. Boone,* for appellees.

1. Section 848, Kirby's Digest, has no application to mutual insurance companies. It applies only to manufacturing and other business corporations within the meaning of subdivision 2, ch. 31, Kirby's Digest. Further, insurance companies, etc., are governed by sections 4337, 4347-8-9, etc.

2. To determine whether a statute is applicable, or not, to a given case, courts consider the reasons which underlie and support such statute. · 3 Thompson, Corp., § 4222. Specific provisions relating to a particular subject must govern in respect to that subject, as against general provisions in other parts of the law which might otherwise be broad enough to include it. Suth. St. Const., p. 412, § 325; 59 Ark. 606.

WOOD, J., (after stating the facts). Section 848 of Kirby's Digest provides as follows: "The president and secretary of every corporation organized under the provisions of this act shall annually make a certificate showing the condition of the affairs of such corporation, as nearly as the same can be ascertained, on the first day of January or of July next preceding the time of making such certificate, in the following particulars, viz: the amount of capital actually paid in; the cash value of its real estate; the cash value of its personal estate; the cash value of its credits; the amount of its debts; the name and number of shares of each stockholder; which certificate shall be deposited on or before the fifteenth day of February or August with the county clerk

of the county in which said corporation transacts its business, who shall record the same in a book to be kept by him for that purpose." Section 858 requires "the certificate to be made under oath or affirmation by the person subscribing same." Section 859 makes the president or secretary who shall neglect or refuse to comply with the provisions of 848 jointly and severally liable to an action founded on the above statute for all debts of such corporation contracted during the period of any such neglect or refusal.

Appellees contend that, inasmuch as the complaint shows that the corporation was organized as a mutual insurance company for the purpose of insuring property against fire, therefore the requirements of section 848, *supra,* do not apply, and that, instead thereof, the provisions of section 4347 are applicable.

It is alleged in the complaint, and admitted by the demurrer, that the insurance corporation named in the complaint was organized under the provisions of chapter 31 of the general incorporation act, subdiv. 2, Kirby's Digest, for "manufacturing and other business corporations." The Legislature in express terms having made it the duty of the "president and secretary of every corporation organized under the provisions" of that act to file the certificate specified in section 848, *supra,* it is not within the province of the courts to say that they did not intend what they have expressed in such plain terms. In such case there is no room for construction.

Nothing remains but to give effect to the law unless it has been repealed by some subsequent enactment. Section 4349 of Kirby's Digest, *supra,* (act of May 23, 1901), provides: "All mutual insurance companies of life, fire, etc., or other kind of mutual insurance organizations, organized under the laws of this State, shall annually file with the Auditor of State during the month of February a full and complete sworn statement of its financial condition on the 31st day of December next preceding. Such statement shall plainly exhibit all real and contingent assets and liabilities and a complete itemized account of income and disbursements during the year."

Unless the section just quoted repeals 848, it is not repealed.

There is in the above no express repeal of section 848, and, applying the familiar rules that obtain, and that have been often announced by this court, with reference to repeals by implication, we are of the opinion that section 4349 does not repeal section 848. The two sections are not in irreconcilable conflict, nor can it be said that the provisions of section 4349—the later act—cover the whole subject of section 848—the former act— and that the last enactment embraces new provisions in addition to the subject covered by the first, showing plainly an intention that the last should be a substitute for the first. Mr. Sutherland expresses the rule for repeals by implication as follows:

"There must be such a manifest and total repugnance that the two enactments cannot stand. The earliest statute continues in force unless the two are clearly inconsistent with, and repugnant to, each other, or unless in the later statute some express notice is taken of the former, plainly indicating an intention to repeal it; and when two acts are seemingly repugnant, they should, if possible, be so construed that the latter may not operate as a repeal by implication of the former." Sutherland, Statutory Const. (2 Ed.), p. 465. To the same effect, see *English* v. *Oliver,* 28 Ark. 325; *Coats* v. *Hill,* 41 Ark. 151; *Chamberlain* v. *State,* 50 Ark. 137; *State* v. *Kirk,* 53 Ark. 337.

We deem it unnecessary to parallel the two sections in comment to show that they are not repugnant. They are set forth in the opinion, and the mere reading of them will discover that they may be readily harmonized. Section 848 was passed for the information and benefit of creditors of the corporation. Section 4349 was for the purpose of giving, primarily, information to the Auditor, and to enable him to determine whether the agents of such organization are entitled to solicit business for same, and as to whether such agents are entitled to a certificate showing that they have authority to solicit business. See *McKee* v. *Rudd,* 121 S. W. 312. In so far as the statements required by section 4349 may be of benefit to creditors, it is in this respect not repugnant but supplemental to section 848. The two sections were passed for a different purpose, as will be readily seen, and there is nothing to indicate that the last enactment was intended as a substitute for the first. As repeals by implication are not favored, it is for the Legislature, and not for the

courts, to say that section 848 has no application to mutual insurance companies. Thus far the Legislature has not so declared.

The trial court erred in sustaining the demurrer to the complaint. The judgment is therefore reversed, and the cause is remanded with directions to overrule the demurrer.