McLEOD, COUNTY JUDGE, v. RICHARDSON.

4-6870                                                   163 S. W. 2d 166

Opinion delivered June 22, 1942.

*Harry Ponder, Jr.,* for appellant.

*D. Leonard Lingo,* for appellee.

GRIFFIN SMITH, C. J.   McLeod, as county judge, has appealed from an order of the circuit court commanding him to hear and determine a contest between Roy Richardson and Lloyd Cochran, who at an election March 21, 1942, were opposing candidates for school director.[1] Richardson undertook to contest, thinking county court was the proper forum. That tribunal held it was without jurisdiction. The controversy reached circuit court on Richardson's petition for mandamus to compel the county court to act.

---

[1] Cochrane received 237 votes, and Richardson 234.

Section 24, art. 19, constitution of 1874, authorizes the general assembly to provide by law the mode of contesting elections not specifically provided for. An Act containing 101 sections was approved January 23, 1875. Some of its provisions are still in force.[2] Section 71 appears as § 4837 of Pope's Digest. It is copied in the margin.[3]

In *Ferguson* v. *Wolchansky,* 133 Ark. 516, 202 S. W. 826, it was held that § 2860 of Kirby's Digest (now § 4837 of Pope's Digest) was applicable to school election contests. The decision was that since no specific statutory or constitutional provision covered such contests, the office was included within the term "county offices." This view, says the opinion, was confirmed by the fact that certain provisions of the school law required school election returns in cities and towns to be made to the county clerk, whose duty it was to deliver a certificate to the person elected.

Validity of Act 234, approved March 11, 1919, was upheld in *Stafford* v. *Cook,* 159 Ark. 438, 252 S. W. 597. (See § 11 of the Act). The right of appeal from a final order of any county board of education was given by Act 183, approved March 21, 1925. Although this Act has not been expressly repealed, it does not appear in the current Digest—this, no doubt, upon the assumption it had been repealed by implication. It was held in *Gibson* v. *Davis,* 199 Ark. 456, 134 S. W. 2d 15 (December, 1939) the Act had not been repealed.

Act 247, approved March 29, 1933, abolished county boards of education and the office of county superintendent. Examiners were substituted for superintendents. Powers and duties formerly exercised by boards of education were transferred to county courts. It was

[2] The Act, as it appears in the published volume for 1874-75, is entitled "An Act providing a general election law." Although the last section is numbered 102, there are in fact but 101 sections because of the omission of § 34.

[3] "When the election of any clerk of the circuit court, sheriff, coroner, county surveyor, county treasurer, county assessor, justice of the peace, constable, or any county or township officer, the contest of which is not otherwise provided for, shall be contested, it shall be before the county court." [The remainder of the section relates to procedure.]

in effect until repealed by Act 184, approved March 22, 1935, which was passed without the emergency clause. Pope's Digest, § 11667-11674.

Act 154, approved February 28, 1939, provides that in districts where there are contests for the office of school director, any ten qualified electors may petition the county examiner to supply duplicate ballots and duplicate ballot boxes for use in the election.[4]

Act 319, approved March 25, 1937, made each school district, for the purpose of elections, a political township.

Act 184 of 1935, transferred to county courts ". . . the powers and duties formerly exercised by the county board of education." It expressly repealed Acts 26 and 247 of 1933, and §§ 29, 31, 32, 33, and 35 of Act 169 of 1931. Boards of education were again (as in 1933) abolished, as was the office of county superintendent.

This was the law's status when Act 327 was approved March 26, 1941. It is entitled "An Act to provide for the more efficient supervision of public schools, to create the office of county supervisor, to create a system of county boards of education, to improve the rural schools, and for other purposes."

Section 19 expressly repeals § 11667 and certain succeeding sections of Pope's Digest, also § 11468.

Section 1 of Act 327 created county boards of education composed of five members. Section 13 authorizes employment of a supervisor. Section 11 invests boards with authority and makes it their duty to supervise employes. In addition, ". . . all powers, duties, and the responsibilities respecting the public schools . . . which heretofore have been vested in the several county courts . . . are hereby transferred to and vested in

[4] The supplies were to be delivered to judges and clerks of the election ". . . as now provided by law." The duplicate box was to be sealed and transmitted to the county treasurer, ". . . who shall safely keep the same until the time for filing contests in school elections has expired, but in case of a contest said treasurer shall not destroy said ballots until ordered to do so by the court having jurisdiction of the contest. The original ballot box shall be returned to the county judge and by him safely kept until the time for contesting an election has expired and in case of a contest shall preserve the said ballot box and ballots."

the respective county boards of education." An exception is that ". . . canvassing of returns and certification of results of all school elections . . . shall continue to be vested in the county courts."

Section 12 is: "In executing the powers herein conferred upon the county board of education, said board shall exercise such powers and jurisdiction with reference to the making of orders and enforcing the same as were formerly conferred upon the county courts of the state."

In construing Act 247 of 1933, it was said in *Shimek* v. *Janesko*, 188 Ark. 418, 66 S. W. 2d 626, that the county court, in canvassing votes and declaring results of a school election, did not act judicially. Its duties were similar to those of a county board of education functioning under Act 169 of 1931:—"No appeal could be taken from this order, but any person who had been voted for for school director might file a contest, and it was the duty of the court to hear the contest, make its findings, and render its decision, and from this order an appeal could be prosecuted to circuit court."

The difficult question is, Did the general assembly, in transferring powers to boards of education, but reserving to county courts exclusive authority to canvass returns and certify results of a school election, intend that such courts, and not the newly-created boards of education, should hear and determine contests?

Following the matter we have quoted from § 11 of Act 327, it is said: "Specifically, these duties, *among others*,[5] shall include the following." The reference is to seven subdivisions. Appellee argues, and not without force, that "among others" has reference to like duties. *Harrington* v. *Blohm*, 136 Ark. 231, 206 S. W. 316.

By express enactment, county courts are vested with but two powers respecting school matters: canvassing returns and certifying results. There is no provision for contests. It follows that jurisdiction must be implied; and, all powers, duties, and responsibilities formerly inhering in county courts (other than canvassing returns and certifying results) having been placed with county

[5] Italics supplied.

boards of education, and the general plan of legislation in 1941 appearing to have been to undo what was done in 1933 and 1935, it is not illogical to assume that the intent of Act 327 was to return to boards the authority they had under Act 169 of 1931. What seems more reasonable is that those who framed the 1941 measure overlooked contests and therefore failed to affirmatively provide for them. The result is that the deficiency must be implied from the spirit of the Act: from what was intended in effect, but not said.

It is not without misgivings that we reverse the judgment and hold that the board of education had jurisdiction. Let the writ be quashed.

Mr. Justice MEHAFFY dissents.