ATTWOOD *v.* ROGERS, COUNTY JUDGE.

4-7232                                         177 S. W. 2d 723

Opinion delivered February 14, 1944.

---

[2] See West's Arkansas Digest, v. 5, "Contracts," § 155, and cases there cited.

*DuVal L. Purkins,* for appellant.

*Max M. Smith* and *O. E. Gates,* for appellee.

SMITH, J. Appellant says in his brief that: "This appeal seeks a definite answer to the question 'Does the county court or county board of education have jurisdiction of an election contest for membership on the county board of education?'"

In the recent case of *McLeod* v. *Richardson,* 204 Ark. 558, 163 S. W. 2d 166, there was involved the question of jurisdiction to hear a contest for the office of school director, and it was there held that the county board of education, and not the county court, had this jurisdiction. That opinion reviewed various acts of the General Assembly in which jurisdiction of school matters had been transferred to and from the county court, and the state of the law was declared as of the date of the enactment of act 327 of the Acts of 1941, p. 838.

The opinion in the McLeod case, *supra,* pointed out that this act 327 had created county boards of education composed of five members, and that § 11 of this act had vested in the board ". . . All powers, duties, and the responsibilities respecting the public schools . . . which heretofore have been vested in the several county courts, . . . are hereby transferred to and vested in the respective county boards of education," with the exception that ". . . The canvassing of returns and certification of results of all school elections . . . shall continue to be vested in the county courts."

It was there said that the result and effect of this legislation was that county courts are now vested with but two powers respecting school matters, to-wit: canvassing returns and certifying results of school elections, but that the act contained no provision for contests of such elections, and that it was, therefore, necessary to

look to other and prior legislation to determine where this jurisdiction resided.

There appeared to be a *hiatus* in the law so far as express authority to hear such contests was concerned, and we said that it was not without misgiving that we held that the jurisdiction was with the county board of education, and not with the county courts. We were led to this conclusion for the reason there stated, that all powers, duties and responsibilities formerly inhering in county courts (other than canvassing returns and certifying results) had been placed with county boards of education, and the general plans of the 1941 legislation appeared to have been to repeal prior legislation passed in 1933 and 1935 conferring these powers on county courts, and that it was not illogical to assume that the intent of act 327 was to return to the county boards of education the authority they had under act 169 of the Acts of 1931.

This act 169 was a comprehensive act comprising 198 sections, its title being ''An Act to Provide for the Organization and Administration of the Public Common Schools,'' and it undertook to codify the laws on that subject, numerous changes being made in doing so. Section 92 of this act 169 directed the judges of school elections to make returns thereof to the county boards of education, ''Showing the number of votes cast for each person voted for as a member of the county board of education, and for each person voted for as a school director,'' and to canvass all of these returns as soon as possible. Section 30 of this act 169 provided that the county boards of education shall hear and determine all contests and make their findings thereon, and that such findings should be conclusive, subject to the right of appeal to the circuit court by the losing party.

Now, as the opinion in the McLeod case points out, many and important changes were made in this act 169 by the subsequent legislation passed at the 1933 and 1935 sessions of the General Assembly, which act 327 of 1941, in turn, amended.

By § 11 of this Act of 1941, as has been said, all the duties theretofore imposed on the several county courts were transferred to and vested in the respective county boards of education, except that the duty of canvassing the returns and certifying the results of all school elections was left with the county courts. It was our view, as expressed in the McLeod opinion, that the legislative intent was to limit and circumscribe the powers of the county court in the matter of school elections to·canvassing and certifying the results, and that the jurisdiction of the contest of such elections had to be·found in the laws which act 327 had not amended, and, inasmuch as county boards of education had not been deprived of jurisdiction to hear contests of election, that jurisdiction continued to abide in county boards of education.

It is urged that the McLeod case is not authority here for the reason that the office there contested was that of a school director, whereas here the contest is over a place on the county board of education. But, even so, both school directors and members of the county board of education are elected at school elections, and the effect of the McLeod opinion is to hold that county boards of education have not been divested of the jurisdiction to hear contests of such elections.

It is urged that the General Assembly could not have intended and did not intend that county boards of education should hear and decide contests relating to the election of persons who would comprise its membership, as this would contravene sound public policy. It may be answered, if an answer to this argument is required, that the members of the county board of education are elected from the four zones into which the county is divided, with a fifth member for the county at large. But, however this may be, it is a subject over which the General Assembly has plenary power, and it was said in the case of Govan v. Jackson, 32 Ark. 553, that: "The power of the Legislature to establish a special tribunal or board for the determination of contested elections is unquestionable."

The controlling question and the one considered and decided in the McLeod case was whether the General Assembly, in restoring certain powers to the county board of education which had previously been conferred on the county court, had left the power to hear election contests with the county court, or had conferred this power on the county boards of education, and the holding was that the county courts should canvass and certify the results of the election, but that contests thereof, under act 327, must be heard and decided by the county board of education.

We are unwilling to overrule that opinion, which we would have to do if we decided that the jurisdiction to hear contests did not abide in the county board of education. The judgment from which is this appeal accords with this view, and it is, therefore, affirmed.