**BURNHAM CHEMICAL CO. v. KRUG,**
Secretary of the Interior, et al.
Civil Action No. 1579—47.

United States District Court
District of Columbia.
Jan. 28, 1949.

Mabel Walker Willebrandt and Thomas P. Corwin, both of Washington, D. C., for plaintiff.

Ralph S. Boyd, Department of Justice, of Washington, D. C., for defendants.

HOLTZOFF, District Judge.

This is an action against the Secretary of the Interior, to require him to grant the plaintiff's application for a prospecting permit on certain lands located in what is known as the Kramer Borax District in the State of California.

The application was presented to the Department of the Interior on June 1, 1928. It sought a prospecting permit for sodium borates in the lands involved in this action. The application was presented pursuant to the provisions of Section 23 of the Act of

February 25, 1920, known as the Mineral Leasing Act, U.S.C.A., Title 30, § 261.[1] When the application was presented, the Act provided: "The Secretary of the Interior is hereby authorized and directed, under such rules and regulations as he may prescribe, to grant to any qualified applicant a prospecting permit." The mandatory words "and directed" were deleted from the statute by an amendment enacted on December 11, 1928.[2]

While the provisions of Section 23, as they existed at the time of the filing of the application, did not confer any discretion on the Secretary of the Interior, but imposed on him a mandatory duty to grant a prospecting permit to a qualified applicant, nevertheless that section must be read in conjunction with other sections of the same statute. Section 24 of the Act, U.S.C.A., Title 30, § 262, in effect, provided that lands known to contain valuable deposits of one of the substances enumerated in Section 23, and not covered by permits or leases, should be subject to lease by the Secretary of the Interior. It seems to the Court that in order to give effect to both sections of the Act, the mandatory provisions of Section 23 must be deemed inapplicable to lands embraced within Section 24, namely, lands known to contain valuable deposits of one of the minerals enumerated in Section 23.

At approximately the same time, or within a few months of the time when the plaintiff filed his application for a prospecting permit, another concern filed an application for a lease on the same land, under the provisions of Section 24. The Department of the Interior then suspended action on the plaintiff's application for a prospecting permit and conducted hearings on the application for a lease. The proceeding terminated, in so far as the plaintiff's application for a prospecting permit is concerned, on February 9, 1929, by a denial of plaintiff's application. The denial was based on the ground that the land in question was known to contain mineral deposits and, therefore, was subject to lease under Section 24, and not subject to prospecting under Section 23.

The Court is unable to reach the conclusion that there was anything either arbitrary or capricious in the conclusion reached by the Secretary of the Interior. Neither is there any basis for a determination that this finding was not supported by substantial evidence, even if the finding is subject to judicial review and does not involve a pure matter of executive discretion,—a subject concerning which the Court expresses no opinion at this juncture. Consequently the Court does not feel that there is any basis for setting aside the action of the Department of the Interior on the merits.

It is contended by the plaintiff that the Department of the Interior violated the law in not performing the mandatory duty imposed upon it to grant the application for a prospecting permit. While the provisions of the section are indeed mandatory, it does not follow that the duty imposed on the Secretary of the Interior is to grant an application automatically. He had a right—in fact, I think he had a duty—to consider and determine whether the lands in question were embraced within the purview of Section 23. Especially was this the case in view of the fact that he received

---

[1] The pertinent statutory provisions read as follows, 41 Stat. 447:

"Sec. 23. That the Secretary of the Interior is hereby authorized and directed, under such rules and regulations as he may prescribe, to grant to any qualified applicant a prospecting permit which shall give the exclusive right to prospect for chlorides, sulphates, carbonates, borates, silicates, or nitrates of sodium dissolved in and soluble in water, and accumulated by concentration, in lands belonging to the United States for a period of not exceeding two years. * * *

"Sec. 24. * * * Lands known to contain such valuable deposits as are enumerated in section 23 hereof and not covered by permits or leases, except such lands as are situated in said county of San Bernardino, shall be held subject to lease, and may be leased by the Secretary of the Interior through advertisement, competitive bidding, or such other methods as he may by general regulations adopt, and in such areas as he shall fix, not exceeding two thousand five hundred and sixty acres; * * *."

[2] 45 Stat. 1019.

an application from another person for a lease on the same property, under Section 24. It then became the function of the Secretary to determine whether the land in question came within the scope of Section 23 or the terms of Section 24. He reached the conclusion that it came within the scope of Section 24. Naturally, until such a conclusion could be reached by him, it was proper for him to withhold action on the application.

There is another circumstance which it seems to the Court bars any relief in favor of the plaintiff. Under the rules and regulations of the Department of the Interior, the plaintiff had the right to appeal to the Secretary of the Interior from the action of his subordinates in denying the application for a prospecting permit. The plaintiff failed to take this step. He is, therefore, confronted with the well-known doctrine of administrative law, that having failed to exhaust his administrative remedies, he is not entitled to any relief from the Court. The plaintiff claims that it was discouraged from taking an appeal to the Secretary of the Interior by suggestions made to the plaintiff's president by a responsible official of the Department of the Interior. Again, however, the plaintiff is confronted with the well-known principle that the Government may not be estopped by an act of one of its agents. It may be unfortunate that an official of the Department of the Interior discouraged the plaintiff from taking an appeal. This circumstance, however, did not liberate the plaintiff from the obligation to exhaust his administrative remedies before appealing to the courts.

The Court realizes that the doctrine that the Government may not be estopped by statements or actions of one of its subordinates at times leads to harsh results. It is a severe rule. It is, however, based on requirements of public policy, in order that the Government may not suffer by an improvident statement or a negligent action of one of its numerous subordinates.

In conclusion, the Court holds, first, on the merits, that the plaintiff is not entitled to the relief which it seeks, because no reason appears for setting aside the action of the Secretary of the Interior; and, second, that the plaintiff is precluded by failure to exhaust its administrative remedies.

The Court expresses no opinion on the defense of laches because, having determined the issues on their merits, it is unnecessary to pass upon this defense.

The Court will render judgment for the defendants. Counsel will please submit the proposed findings of fact and conclusions of law and the proposed judgment.