FAVER *v.* GOLDEN, JUDGE.

4-9161                                                              227 S. W. 2d 453

Opinion delivered March 6, 1950.

*Warren E. Wood* and *Griffin Smith, Jr.,* for petitioner.

*Max M. Smith* and *DuVal L. Purkins,* for respondent.

MINOR W. MILLWEE, Justice. Petitioner, Early Faver, and Buck Cavin were rival candidates for the office of director in the annual school election held in Woodlawn School District No. 6 of Cleveland County on September 27, 1949. Faver was certified as the successful candidate on October 4, 1949, and a 26 mill school tax was also certified as having failed of passage. On October 14, 1949, Buck Cavin and others filed a petition with the Cleveland County Board of Education to contest said election. Faver and the other contestees filed a response alleging that the petition to contest was not filed within the time required by law. The County Board of Education held that the action was filed too late and dismissed the contest. On appeal, the circuit court on November 23, 1949, ruled that the contest was filed in time and ordered the cause to stand for trial.

Early Faver and the other petitioners filed the instant action in this court on December 13, 1949, seeking a writ of prohibition to restrain the Cleveland Circuit Court from further proceeding and alleging the foregoing facts. The response admits the truth of these facts, but denies that the circuit court is without jurisdiction or that the petitioners'· remedy by appeal is inadequate.

Petitioners contend that the contest petition by Buck Cavin and others before the County Board of Education was filed too late under the provisions of § 30 of Act 169 of 1931 which they contend is the statute governing the time for filing contests of school elections. The pertinent part of said § 30 reads: "Any contest of any results of any election in any school district shall be brought within fifteen days after such election, if the results thereof shall have been certified to the county clerk five days previously, or within five days after such results have been certified, and not thereafter. The county board of education shall hear and decide all contests, and make their findings thereon, and such findings shall be conclusive, subject to appeal by the losing party, to the Circuit Court within ten days. . . ."

It is undisputed that the contest involved in the instant case was filed October 14, 1949, more than 15

days after the election held on September 27, 1949, and more than five days after the certification of the results on October 4, 1949. If this statute governs, the petition for contest was filed too late and the county board was without jurisdiction to proceed and the circuit court, therefore, acquired no jurisdiction on appeal.

Act 169 of 1931 contained 198 sections and dealt with all phases of school affairs. Subsequent acts have repealed or amended many sections of the original act, but many of them are still in effect. Although § 30 has not been specifically repealed, it was not carried forward in our present digest on the theory that it was superseded by § 11 of Act 30 of 1935 (Ark. Stats. 1947, § 80-311). See parallel reference tables to said section in Ark. Stats. (1947), Vol. 8, p. 1236. While certain parts of § 30 of Act 169 of 1931 were changed and superseded by the 1935 act, there is no reference in said act to the subject of school election contests and that portion of § 30 above quoted was not changed or repealed by the 1935 enactment.

It is the contention of respondent that said § 30 of Act 169 was repealed by Act 406 of 1947. Section 1 of said act now appears as Ark. Stats. (1947), § 3-1203 and reads: "All actions to contest the election of a person to any county, city or township office shall be commenced within twenty (20) days after the General Election at which any such person was elected."

Respondent also relies on § 1 of Act 56 of 1949 (Ark. Stats. 1947, § 80-317) which provides: "Hereafter the County Board of Election Commissioners shall be charged with the responsibility of selecting Judges and Clerks of all school elections held in the several counties of this State. Said County Board of Election Commissioners shall also be authorized and empowered to make all necessary arrangements for conducting school elections and the general election laws, insofar as applicable, shall apply to school elections."

Following the adoption of Act 169 of 1931 this court held the 15 day limitation contained in § 30 applicable in school election contests. *Koser* v. *Oliver,* 186 Ark.

567, 54 S. W. 2d 411; *Shimek* v. *Janesko*, 188 Ark. 418, 66 S. W. 2d 626. This court has also recently held that the county board of education is the proper forum for contesting school elections as provided in said § 30. *Attwood* v. *Rogers, County Judge*, 206 Ark. 834, 177 S. W. 2d 723; *Casey* v. *Burdine*, 214 Ark. 680, 217 S. W. 2d 613.

Respondent relies on the case of *Ferguson* v. *Wolchansky*, 133 Ark. 516, 202 S. W. 826, where it was held that the office of school director was included within the designation "county officer," within the meaning of a statute providing for the contest of the election of such officers. But the court was careful to point out that this conclusion was reached because the legislature had not provided otherwise, saying: "There is no other specific provision for the contest of the office of school director, and we think that that office is included within the designation of county offices within the meaning of the statute." The General Assembly did make specific provision for contest of the election of school directors subsequent to the decision in that case and Act 234 of 1919 providing that such contests should be heard by the County Board of Education was upheld in *Stafford* v. *Cook*, 159 Ark. 438, 252 S. W. 597, in an opinion by Chief Justice McCulloch, who also wrote the opinion in the Ferguson case.

Thus, the question for decision is whether general statutes dealing with county officers and general elections, such as Act 406 of 1947 and Act 56 of 1949, have repealed specific provisions for the contest of the election of school directors as provided in § 30 of Act 169 of 1931. We have held that a general law does not apply where there is another statute governing the particular subject, irrespective of the dates of their passage. *Lawyer* v. *Carpenter*, 80 Ark. 411, 97 S. W. 662. It is also well settled that repeals by implication are not favored and that two statutes should be construed so as to give effect to both, if possible. Where a general act takes up the whole subject anew and covers the subject matter included in a prior special act and it is evident that the legislature intended to make the new act con-

tain all the law on the subject, then the general act will be held to repeal the prior special act. *King* v. *McDowell,* 107 Ark. 381, 155 S. W. 501. Act 406 of 1947 does not mention school elections or contests of such elections. To hold that the legislature intended by the act to repeal § 30 of Act 169 of 1931, would be out of harmony with the reasoning of the court in the Ferguson and Stafford cases. If Act 56 of 1949, when considered with Act 406, governs as to school election contests, then such contests would have to be filed in a forum other than the County Board of Education contrary to our holding in *Attwood* v. *Rogers, supra.*

Respondent also relies on the case of *Casey* v. *Burdine, supra,* where we said that the parties seemed to have conceded that Act 406 of 1947 governed as to the time for instituting the contest. In that case we upheld the circuit court in dismissing the contest because it was filed in the wrong forum and a consideration of the applicability of § 30 of Act 169 of 1931 was not necessary to the decision and was not raised.

It is with considerable reluctance that we conclude that § 30 of Act 169 of 1931 has not been repealed insofar as the time for filing school election contests is concerned. If the contestants were able to substantiate the charges set out in their contest petition, they have a meritorious case and may have been misled by *dictum* in the Casey case, *supra.* It is also true that the remedy by prohibition is discretionary with the court and is used cautiously. But it would manifestly be unfair to respondent and the litigants to now refuse the writ knowing that the case would have to be dismissed on final appeal because filed too late, if the contestants should prevail in the trial court. Issuance of the writ depends on the inadequacy, rather than the absence, of the remedy by appeal. *Monette Road Imp. Dist.* v. *Dudley,* 144 Ark. 169, 222 S. W. 59. Hence, we have held that the great expense of money and length of time required in an election contest render the remedy by appeal inadequate as to petitioners. *Murphy* v. *Trimble, Judge,* 200 Ark. 1173, 143 S. W. 2d 534.

Since it appears that the circuit court was without jurisdiction to hear the contest because it was not filed within the time required by law, the writ must be granted, and it is so ordered.

The Chief Justice and Justice DUNAWAY not participating.

Justice McFADDIN dissents.