COMMR. OF REVENUES *v.* TRANSCONTINENTAL BUS SYSTEM, INC.

5-1257                                301 S. W. 2d 569

Opinion delivered May 6, 1957.

*Herrn Northcutt,* for appellant.

*Bailey, Warren & Bullion* by *Bruce T. Bullion,* for appellee.

MINOR W. MILLWEE, Associate Justice.   This appeal involves separate suits by two interstate passenger bus companies to recover income tax payments made under protest in compliance with deficiency assessments by the Arkansas Revenue Department based on the statutory formula prescribed in such cases.   The cases were consolidated and the Commissioner of Revenues has appealed from a decree granting the relief prayed.

Appellees, Continental Southern Lines, Inc. and Transcontinental Bus System, Inc., operate general passenger bus services partly within and partly without Arkansas.   Continental operates in 9 states and Transcontinental in 14 states.   In their corporate income tax returns filed with appellant, Continental reported a net loss on its Arkansas operations of $50,517.73 for the year 1951 while Transcontinental claimed similar losses as follows: For 1950, $90,789.92; 1951, $64,287.86; and 1952, $52,107.78.   However, each company reported a very substantial net income on its system-wide operations during the same periods.   Upon examination of said returns, the appellant found that the statutory method of determining taxable income for Arkansas had not been followed by appellees.   Pursuant to recomputations in accordance with the statutory formula appellant made deficiency assessments against Continental of $1,214.80 plus interest for 1951 and against Transcontinental in the total amount of $2,832.61.

The formula under which the appellant made the deficiency assessments is set forth in Ark. Stats., Sec.

84-2003 (d) and (e). Subsection (e) reads in part: "When the business of such utility is partly within and partly without the State, their net income within the jurisdiction of this State shall be ascertained by taking their gross 'operating revenues' within the State, including in this gross 'operating revenues' within the state the equal mileage proportion within the State of their interstate business and deducting from their gross 'operating revenues' the proportionate average of operating expenses or operating ratio for their whole business as shown by the Interstate Commerce Commission standard classification of accounts.

"To the net operating revenues thus determined shall be added revenues from miscellaneous operations within the State and other nonoperating income from sources within the State, together with a proportionate part based upon the ratio of gross operating revenues from sources within the State to their entire gross operating revenues of all non-operating income from sources other than within this State and deducted therefrom miscellaneous operating expenses within the State and a proportionate part of all deductions from gross income as set forth in the Interstate Commerce Commission classification of accounts based upon the proportionate average of operating expenses for their whole business."

Now it is conceded that the amounts of the deficiency assessments made by the Commissioner are correct if the statutory formula is properly applicable. Nor do appellees find any fault with the formula except as it may be applied in determining the deductible item of operating expenses allocable to Arkansas. In making the assessments, the Commissioner accepted the returns made by appellees as to gross operating revenues and expenses for the years in question and arrived at a net operating income by determining the operating expenses allocated to Arkansas in accordance with the various factors prescribed in the statutory formula. Appellees used a different method and determined the operating expenses allocated to Arkansas upon a "system cost per

bus mile'' basis by dividing the total number of miles into total operating expenses to ascertain the average cost per bus mile and multiplying this by the number of bus miles driven in Arkansas.

In passing on the validity of state income tax statutes which provide a method or formula for allocating to the taxing state a portion of the total income of a business that extends into other states, where the business within the state is not separable, the courts generally hold that such formula, if fair on its face, will be upheld unless the taxpayer sustains the burden of showing that it produces an arbitrary and unreasonable result as applied in the particular case. 130 A. L. R. 1209. One of the leading cases which involved a statutory formula identical with our own is *Norfolk & W. R. Co.* v. *North Carolina*, 297 U. S. 682, 80 L. Ed. 977, 56 Sup. Ct. 625. In sustaining the validity of the statute as there applied, Justice Cardozo pointed out that both the taxpayer and the state would be swamped with administrative difficulties if left to struggle through every case without the aid of a formula of ready application. He also indicated that a formula, though valid on its face, or in its general operation, may be unworkable or unfair when applied in particular conditions to a particular carrier. In reference to the instant formula, he said: ''The statutory formula is not framed on an assumption that gross operating revenues are uniform actually for every mile throughout the system. It is not framed on an assumption that for every mile of the system there is uniformity of expense. Such assumptions, if made, would be contrary to notorious facts. What the formula does assume is this, that barring exceptional conditions there will be throughout the system such an average relation between revenues and expenses as will cause the net income of a party to vary, in proportion to the mileage, with the net income of the whole.''

Appellees earnestly contend that their own ''direct accounting'' method of allocating operating expenses is fairer than the statutory formula which they say is based on the false premise that operating expenses have a def-

inite relation to the percentage that Arkansas revenues bear to system expenses; that there is actually no need for the use of a formula in the instant case; and that due to the comparatively low traffic density in Arkansas and other less important "cost factors" involved here, use of the statutory formula produces an unrealistic, arbitrary and unconstitutional result. Similar contentions were thoroughly considered and determined against the carrier under facts and circumstances perhaps more favorable to it than those involved here in *Cook, Commissioner of Revenues* v. *Kansas City Southern Railway Company,* 212 Ark. 253, 205 S. W. 2d 441. Certiorari was denied by the U. S. Supreme Court in 333 U. S. 873, 92 L. Ed. 1150, 68 Sup. Ct. 902. In that case deficiency income tax assessments were made and sustained against the railway by the same accountant using the same formula as in the case at bar and we reversed the trial court's holding that the carrier was entitled to substitute a different method along the lines advocated by appellees in this case. There, as here, the state's comparatively low traffic density together with certain less important factors prompted the attempted deviation from the statutory formula. The principles announced there are controlling here and in harmony with those laid down in *Norfolk & W. R. Co.* v. *North Carolina, supra.* We accordingly conclude that appellees failed to sustain the burden of proving the statutory formula oppressive and discriminatory, or that they have been deprived of any constitutional right by reason of its application in the instant case.

The decree is, therefore, reversed, and judgment will be entered here in favor of the appellant for the deficiency assessments.